OLLEMAN ET AL. V. KELGORE ET AL.

1. **Evidence:** LOST DEED: INTRODUCTION OF RECORD. The testimony of an attorney that a certain deed was not in the possession of his clients and could not be found was held sufficient to authorize the introduction of the record in evidence.

2. **Will:** DEVISE OF LANDS: WHEN NOT PROBATED IN THIS STATE. A devisee of a life estate in lands, by a foreign will which had not been probated in this State, allowed the lands to be sold for taxes and acquired the tax title: *Held*, that such title was not valid to defeat the estate of the reversioners.

*Appeal from Clarke District Court*

THURSDAY, OCTOBER 9.

ACTION in chancery to quiet the title of land claimed by plaintiff. The cause was sent to a referee to be tried upon written testimony taken in pursuance of an order of court. Defendants filed a cross bill claiming title to the land, and asking that it be quieted in them. Upon the report of the referee, a decree was rendered dismissing plaintiff's petition and granting the relief prayed for in defendants' cross bill. Plaintiffs appeal.

*Stuart Bros.*, for appellants.

*Stivers, Karr & Riley*, for appellees.

BECK, CH. J.—I. The petition alleges that plaintiffs are the heirs at law of James S. Kelley, deceased, who devised the land to Adaline B. Worth for life, and in case she died with-

out issue the property was to revert to the heirs of the devisor. It is shown that the devisee died without issue and that defendants, who are her heirs, make some claim to the land which plaintiffs allege is without foundation in law. The petition avers that the land was conveyed to James S. Kelley by a warranty deed executed by William R. Johnson, who purchased the land of the government. Copies of the deed and of the will of Kelley are made exhibits to the petition.

The cross bill alleges that defendants are the heirs and the administratrix of Adaline B. Worth, who acquired title to the land by a deed from H. G. Riley, he holding the title under a tax sale and deed. They claim title as such heirs and deny the allegations of the petition not admitted in the answer.

The answer to the cross bill alleges that Adaline B. Worth acquired the tax title for the purpose of defrauding plaintiffs, and that she could acquire no title under the tax deed, which would defeat plaintiffs, for the reason that she had an interest in the land and was under obligations to pay the taxes and thus prevent a sale of the property.

The cause is triable *de novo* in this court.

II. The plaintiffs offered to introduce in evidence before the referee the record of the deed from Johnson to Kelley; it was rejected on the ground that the absence of the original deed was not sufficiently accounted for by plaintiffs. We think the referee erred in this ruling and that the record was admissible in evidence. It was shown by the testimony of their attorney that plaintiffs did not have the original deed, and that he could obtain no knowledge as to where it was. The plaintiffs are non-residents of the State. We think it is sufficiently shown that the instrument was not within the control of the plaintiffs, and the record, therefore, was admissible in evidence. *McNichols v. Wilson et al.,* 42 Iowa, 385.

No other objections were made to the record: it must be regarded as a true record of the deed which is made an exhibit to plaintiff's petition.

III. It is not denied by counsel for defendants that if Worth

Olleman v. Kelgore.

had an interest in the land, which imposed upon her the duty of paying the taxes, she could not acquire a tax title in the manner shown in the record so as to defeat the reversion in plaintiffs. This undoubtedly is the law. Nor can it be denied that a person holding a life estate in lands is bound to pay the taxes. If, therefore, Worth held a life estate in the lands, she could not acquire a tax title so as to defeat plaintiffs, who are the reversioners. But it is insisted that she will not be presumed to hold under the will unless it be shown that she accepted the estate therein devised to her. We will not inquire whether this position be correct, but will so regard it for the purpose of the case.

*2. WILL: devise of land: probate.*

We think the evidence shows that she did accept the devise and claim the land under the will. She esteemed her interest, it is true, of not sufficient value to justify her in paying taxes, and it clearly appears that the interest she held in the land prompted her to make the effort to acquire the reversionary interest by acquiring the tax title.

IV. But it is urged by defendant's counsel that Worth did not take an interest in the land for the reason that the will was not admitted to probate until after she acquired the tax title, and indeed, until after her death. It had been admitted to probate in the state of Indiana, where the devisor died. While it is true that probate of the will is necessary to perfect it as an instrument of title, yet without probate it would be capable of conveying an interest in the land; certainly it was in that condition the foundation of an equity and claim in and to the land. It appears, indeed, that Worth did claim an interest in the property under the will. Surely while claiming such an interest she could not acquire a tax title which would defeat the reversioners, the plaintiffs in this action.

We reach the conclusion that the court erred in rendering the decree, and that plaintiffs are entitled to the relief prayed for by them, and the cross bill of defendants ought to be dismissed. The cause will be remanded to the court below for a decree in accord with this opinion.

REVERSED.