## JACOBS v. SNYDER *et al.*

**Statute of Limitations:** WHEN IT BEGINS TO RUN : FRAUDULENT CONCEALMENT. An action to cancel a decree of foreclosure, and a sheriff's deed to the mortgagee made pursuant thereto, on account of fraud in prosecuting the foreclosure notwithstanding an agreement to dismiss it, and in obtaining judgment on the whole mortgage debt after most of it had been paid, and in afterwards concealing from the mortgagor the fact of the foreclosure and the deed, and receiving from her (an ignorant German woman, whose confidential adviser he was) the balance of the mortgage debt not before paid by her, is not barred in five years from the time of giving constructive notice of the fraud by the filing of the deed. The statute of limitations in such case begins to run from the time the fraud is actually discovered. (See opinion for cases distinguished.)

*Appeal from Dickinson District Court.*—HON.
GEORGE H. CARR, Judge.

FILED, JANUARY 18, 1889.

THIS action was commenced on the thirtieth day of
September, 1885. It is a bill in equity by which the
plaintiff seeks to set aside and cancel a decree foreclosing
a mortgage upon certain real estate, and a sheriff's deed
made in pursuance thereof, and a subsequent deed made
by the defendant Oceana Snyder to the defendant
Minnie Jacobs. A demurrer to the petition upon the
ground of the statute of limitations was sustained, and
the plaintiff appeals.

*Wishard & Bailey* and *A. W. Osborne,* for
appellant.

*Parker & Richardson* and *O. Rice,* for appellees.

ROTHROCK, J.—It is averred in the petition, and in
an amendment thereto, in substance, that the plaintiff
was the owner of a farm of eighty acres, in Dickinson
county, and that in the year 1875 she executed a mort-
gage thereon to the defendant Marcus Snyder, to secure
the payment of four promissory notes, amounting, in
the aggregate, to $342. Said notes became due at dif-
ferent times. The last one matured December 22, 1878.
On the twenty-ninth of July, 1878, Snyder commenced
an action to foreclose the mortgage, and personal notice
of said suit was served on the plaintiff in Green county.
After suit was commenced, an agreement was made
between plaintiff and said Snyder, that the suit should
b'e dismissed, and at that time the plaintiff had fully
paid all the notes, and interest thereon then due, and
the plaintiff returned to Green county. In the face of
this agreement, and in direct violation thereof, the
defendant Snyder made his appearance at the next term
of court, and presented the notes and mortgage to the
court, and concealed the fact that said suit had been
settled ; and a judgment was rendered on said notes,
and a decree entered foreclosing the mortgage. After-
wards, in October, 1878, Snyder caused special execution

to issue on the judgment and decree, upon which the land was sold at sheriff's sale to Snyder, who assigned his certificate of purchase to his wife, Oceana Snyder, and a sheriff's deed was made to her in October, 1879. By reason of the fraudulent concealment of said Marcus Snyder, the plaintiff did not discover that a judgment and decree had been rendered, and the land sold thereon, until January, 1884. The fraudulent concealment consisted in receiving payments from the plaintiff upon the indebtedness, from time to time, without informing the plaintiff that any judgment and decree had been rendered, and the last of said notes was paid in the year 1883. The plaintiff is a German, and unable to read or write in her own or any other language; and from the time the mortgage was given up to January, 1884, when she discovered the fraud of Snyder, he was her confidential adviser, and she relied upon him for advice and counsel, and he transacted all her business, and was thus enabled to take advantage of her confidence and her ignorance. To further conceal his fraudulent acts, he made no claim to the possession of the land up to January, 1884, and permitted plaintiff to pay the taxes and make improvements thereon. When plaintiff discovered the fraud, in January, 1884, she demanded a deed reconveying the land to her. Snyder promised to make the deed to her, but, instead of doing so, he and his wife made a deed to the defendant Minnie Jacobs, and took a mortgage from her for six hundred dollars, without the knowledge of the plaintiff. It is demanded that the judgment and decree, and the deeds and the mortgage be set aside and cancelled, and the title quieted in the plaintiff.

If the averments of this petition are true, the defendant Marcus Snyder, by receiving the plaintiff's money in successive payments for years after he had foreclosed the mortgage, was guilty of a crime. It appears to be conceded in argument that under the averments of the petition the plaintiff had a right of action for five years after the discovery of the fraud. The sheriff's deed was recorded in 1879, and action was not commenced for

more than five years from that time. Counsel for
defendants claim that, where the fraud complained of is
shown by a deed duly recorded, notice of the fraud is
conclusively presumed from the date of the record; and
they cite the cases of *Humphreys v. Mattoon*, 43 Iowa,
556; *Bishop v. Knowles*, 53 Iowa, 268; *Gebhard v.
Sattler*, 40 Iowa, 152; and *Laird v. Kilbourne*, 70 Iowa,
83. The facts in the cited cases are quite different from
those in the case at bar. In this case, if the averments
of the petition are true, there was an abuse of confidence
by Snyder, and actual concealment that he had procured
a decree, sale and deed. He not only concealed it from
the plaintiff, but he intensified his fraud by contriving
to receive payments on the debt long after the deed was
recorded. We think the demurrer should have been
overruled.

REVERSED.