MARY R. SORENSON *et al.*, Appellees, v. F. R. DAVIS *et al.*, Appellants.

| 83 | 405 |
|----|-----|
| 98 | 35 |
| 83 | 405 |
| 102 | 158 |
| 83 | 405 |
| 137 | 350 |

1.  Title to Real Estate: DEED: RECORD: NOTICE. The defendants, in proof of their title to the real estate in controversy, introduced the record of a deed from one Teufel, which name, in copying the deed upon the record, the recorder had written "Temple," or had written "Teufel" so indistinctly that it might be read "Temple." The original deed was not introduced in evidence. *Held,* that in the absence of any showing of prejudice from the condition of the record, the defendants' title, through Teufel, would be considered established.

2.   Tax Titles: TENANTS IN COMMON: PURCHASE BY TRUSTEE.   One who holds the legal title to real estate, as trustee for one of several tenants in common, cannot either by himself, nor in conjunction with a stranger to the title, acquire a tax title thereto adverse to the co-tenants of his *cestui que trust*; neither can such persons acquire title to such real estate as against such co-tenants by purchase from one to whom a tax deed has issued.

3.   ———: ———: ———: NOTICE: BONA FIDE PURCHASER.   A purchaser of real estate, with constructive notice that the title thereto is based upon a tax title acquired by a trustee for one of several tenants in common, is not entitled to have his title protected against the right of the co-tenants to redeem, by reason of his being a remote *bona fide* purchaser for value.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

TUESDAY, OCTOBER 13, 1891.

ACTION in equity to establish and confirm in the plaintiffs the title to one moiety in lots 1–3, block 28, and lots 1–10 and 21–30, block 49, in Brown's subdivision in the city of Council Bluffs. The plaintiffs claim such title as the heirs-at-law of W. D. Brown, deceased, and allege that the appellant Davis claims to be the absolute owner of the whole title, under certain pretended tax deeds to the defendants, John T. Baldwin and G. M. Dodge, and to the firm of Baldwin & Dodge; that, ever since 1857, the plaintiffs and their ancestors, under whom they hold title, have owned said lots in common with John T. Baldwin and G. M. Dodge, and their grantees, including the defendant Davis, and were tenants in common with John T. Baldwin and G. M. Dodge at the time of the tax sales and deeds to them, and to their firm of Baldwin & Dodge, by reason of which tenancy said deeds convey no title adverse to the plaintiffs; that John T. Baldwin and G. M. Dodge, and the firm of Baldwin & Dodge, were the agents of the ancestors of the plaintiffs for the payment of the taxes at the time of the tax sales and deeds, by reason of which, said sales and deeds conveyed

no title adverse to the plaintiffs. The plaintiffs proffer payment of all amounts paid as taxes or redemption, and ask that title be confirmed to them in the undivided one-half of said lots. The defendant, F. R. Davis, alone appears. He answers, denying the alleged tenancy in common and the alleged agency. He sets out a chain of title to himself under certain tax deeds and subsequent conveyances, alleges adverse possession since 1873, and that the plaintiffs' action is barred, and asks to be quieted in his title to the entire property. A decree was entered in favor of the plaintiffs, from which the defendant Davis appeals.—*Affirmed.*

*L. W. Ross*, for appellants.

*W. I. Smith, Finley Burke* and *J. E. F. McGee*, for appellees.

GIVEN, J.—I. There is no question but that W. D. Brown, the ancestor of plaintiffs, died seized of the undivided one-half of the lots in controversy; neither is there any question as to the defendants' chain of title under the tax deeds, except as to a single link. Frank J. Magin and wife, having title under the tax deeds, conveyed to "Christian Temple," as it is claimed to appear in the record of the deed, which alone is in evidence, while it was "Christian Teufel" who made the conveyance under which the defendants claim. We have neither the deed nor the record of it before us, but the transcript of the record might be read as either "Temple" or "Teufel." There is no evidence that there were different persons known by these names. The whole contention arises out of the recorder having written the name "Temple" instead of "Teufel," or in writing "Teufel" so indistinctly that it might be read "Temple." If the plaintiffs, as innocent purchasers, had been misled by the condition of the record, the subject would

1. TITLE to real estate: deed: record: notice.

be entitled to closer consideration. We are in no doubt but that the conveyance was to "Christian Teufel," under whom the defendants claim, and that the defendants have shown a complete chain of title under the tax deeds.

Upon the trial the appellant Davis offered the record of several of the deeds and other documents in evidence, to which the plaintiffs objected as secondary. We think the foundation was sufficiently laid for admitting the record of these instruments in evidence.

II. The only grounds upon which the tax titles, under which the defendants claim, are questioned are

2. Tax titles: tenants in common: purchase by trustee.

the alleged tenancy in common, and the alleged agency for the payment of taxes. The facts upon which such tenancy and agency are claimed are these: W. D. Brown, being the sole owner of the land, executed a bond for a deed "of an undivided half to Baldwin, Dodge & Co.," a firm composed of John T. Baldwin, G. M. Dodge and Leroy Tuttle, November 1, 1856. On January 24, 1857, in pursuance of said bond, Brown executed a deed to John T. Baldwin, which, though to him alone, upon its face was, in fact, in trust for Peter R. Reed and others; Baldwin having no interest therein other than as trustee, and Dodge having no interest whatever. In August, 1857, Brown and Baldwin platted part of the land into an addition known as "Brown's Subdivision," and Baldwin executed conveyances from time to time, as directed by Reed. · The defendant Davis' title is based upon numerous tax deeds executed to different persons, who afterwards conveyed to John T. Baldwin and G. M. Dodge and tax deeds executed directly to them. The taxes ' for which these sales were made accrued while Baldwin and Brown held the legal title. Baldwin testifies, without contradiction, that neither he nor Baldwin, Dodge & Co. had any interest in the lands; that the deed was to him, in

trust for Reed and other parties residing in the east, for convenience. Dodge testifies that he had no interest in the land prior to acquiring it by tax title. The allegation of agency being denied, the burden of proving it is upon the plaintiffs. There is no evidence whatever that either Baldwin or Dodge, or the firms of which they were members, were agents of Brown for the payment of taxes; but, upon the contrary, Baldwin testifies that Brown was a resident of Omaha, and that he does not think they paid taxes for him. Mr. Brown died in February, 1868, and the firm of Baldwin, Dodge & Co. was dissolved in 1856, and the firm of Baldwin & Dodge in 1860. We think the plaintiffs have failed to establish the charge of agency.

III. It is a well-established principle that a tenant in common cannot acquire title adverse to his co-tenants by purchase at tax sale; "he will be regarded as holding the title he thus acquires in trust for his co-tenants, until the presumption is repelled by their refusal to contribute in payment of his outlays." *Weare v. Van Meter*, 42 Iowa, 128; *Fallon v. Chidester*, 46 Iowa, 593; *Austin v. Barrett*, 44 Iowa, 488. As trustee, Baldwin stood for, and in the place of, Reed and the others for whom he held the legal title, and could not acquire any interest in the land adverse to them. Had Reed and the others acquired these tax titles, they would be regarded as holding them in trust for their co-tenants. We think the reason for the rule applies with equal force to their trustee.

We have seen that Dodge did not have any interest in the property that would prevent him from having alone acquired a valid tax title to it. His title, however, is jointly with one who could not acquire such a title. If the trustee may not acquire a tax title to himself as against the co-tenants of his *cestui que trust*, surely he should not be allowed to do so by joining

with one who might have alone acquired such a title. Baldwin should not be permitted to do indirectly what he could not do directly. Dodge having taken title jointly with Baldwin, who was incapacitated from doing so, the whole title must fail. *Spicer v. Rowland*, 18 Pac. Rep. (Kan.) 908.

One J. M. Phillips purchased certain lots at tax sales, and received deeds therefor, and afterwards, on December 5, 1873, conveyed to John T. Baldwin and G. M. Dodge. It is contended that this purchase by Phillips' extinguished the patent title, and, therefore, dissolved the co-tenancy, and that either co-tenant might acquire this new title. The reason that would not allow the co-tenant to purchase this new title originally certainly should incapacitate him from afterwards purchasing it to the prejudice of his co-tenants. The purchase by Phillips did not extinguish the obligations of these co-tenants to the property and to each other.

IV. It is contended that the appellant is entitled to protection as a remote purchaser in good faith for value. While it is true the chain of deeds 2. ——:——:——: from Baldwin & Dodge to the appellant notice: bona fide purchaser. Davis is connected and complete, and vests in him the moiety that Baldwin held in trust, it is equally true that the appellant Davis was notified by the records that Baldwin only held an undivided half; that he was tenant in common with Brown, and with the plaintiffs after Brown's death. He must be taken to have known that, as such tenant in common, Baldwin could not alone, or jointly with Dodge, acquire title under the tax deeds adverse to his co-tenants. The deed from Baldwin & Dodge was not an ouster of the co-tenants of Baldwin, but simply transferred the co-tenancy from Baldwin to his grantees. The limitation did not commence to run from the time of obtaining an adverse title, but from the time of ouster. *Robinson v.*

*Lake*, 14 Iowa, 421.   The appellants having purchased
with constructive notice of Baldwin's incapacity to
acquire title as against his co-tenants under the tax
sales, they are not entitled to protection by reason of
being remote purchasers for value; and, there being no
ouster the plaintiff's action is not barred by the pro-
visions of section 2529 of the Code.   Neither is it
barred by section 902, because it is not an attack upon
the validity of the tax sales and deeds, but upon the
capacity of Baldwin to acquire title thereby.   *Austin v.
Barrett*, 44 Iowa, 488.

We reach the conclusion that the decree of the
district court should be AFFIRMED.