SWAIN PATTY, Appellee, v. CORA M. PAYNE et al., Appellants.

**TENANCY IN COMMON:** Mutual Rights and Duties—Acquisition
1  of Tax Title. A tenant in common of an estate in remainder may not, no ouster being shown, acquire a tax deed which will be valid against a cotenant.

**TENANCY IN COMMON:** Mutual Rights and Duties—Payment of
2  Taxes. The payment, by a tenant in common of an estate in

remainder, of taxes on the common property, inures to the benefit of the cotenants.

**LIMITATION OF ACTIONS: Partition—Tenancy in Common of Estate in Remainder.** The right to partition of one of several tenants in common of an estate in remainder, does not accrue until the death of the life tenant.

*Appeal from Dallas District Court.*—W. H. FAHEY, Judge.

THURSDAY, NOVEMBER 23, 1916.

ACTION in partition. There was a decree for plaintiff, by which he and his two sisters and a brother, defendants, were each given one fourth of the real property. The decree also reformed an alleged misdescription as to a part of the land. The defendants appeal.—*Affirmed.*

*Paul M. Payne* and *White & Clarke,* for appellants.

*Dingwell & Clarke,* for appellees.

PRESTON, J.—Plaintiff, appellee, claimed an undivided one fourth of the lands described in the petition, under and by virtue of a deed from Lucinda Davis and Isaac J. Davis, appellee's grandmother and grandfather, to Rhoda J. Patty and Seth Patty, mother and father of appellee, in trust for this appellee and his sisters and brother. Many of the allegations of the petition are admitted by the answer. Defendants say that plaintiff is not entitled to a one-fourth interest, or any interest, in said land, and as a defense allege that one of the plaintiffs, Cora M. Patty-Payne, sister of plaintiff, obtained a tax deed to said land in 1882, and deeded the same back to Rhoda J. and Seth Patty, under an alleged parol contract that the said Rhoda J. and Seth should reconvey to said Cora M. and the other two defendants, the title to said land; that the deed from Cora M. to Rhoda and Seth was in February, 1899, and the deed back to the appellants

1. TENANCY IN COMMON: mutual rights and duties: acquisition of tax title.

herein was in June, 1899; and that, by reason thereof, plaintiff's rights under the original deed were cut off. Appellants further plead that the action is barred by the statute of limitations.

It is shown that the plaintiff herein and the defendants, Cora Patty-Payne, Reno R. Patty and May Patty-Clark, are the only children of Rhoda J. and Seth Patty, both now deceased. Rhoda died in 1900, and Seth in 1914. They were in possession of the property in question until their death. One of the defendants was born in 1865, and another in 1870, or about five years after the execution of the deed in 1865. About September 5, 1865, Lucinda Davis and Isaac J. Davis deeded to Rhoda J. Patty and Seth Patty the lands described in the petition, and this deed provides:

"In consideration of natural love and affection and the sum of $50 in hand paid by Rhoda Jane Patty, of Dallas County, Iowa, do hereby convey unto the said Rhoda Jane Patty and Seth Patty, her husband, in trust for Swain Patty, Cora Matilda Patty and the infant daughter of said Rhoda Jane Patty and Seth Patty, and such other children as may be born to the said Rhoda Jane Patty and Seth Patty, and such children as may be born to the said Rhoda Jane Patty by any subsequent marriage, in case her present husband should die first and she should again marry,—the following described real estate, situated in Dallas County and state of Iowa, to wit: . . .

"The said Rhoda Jane Patty and Seth Patty are to have and to hold said premises, together with all rents and profits of the same, during their lives, but they are to have no power to dispose of or sell any part of the same, and at their death it is to become the property in fee simple of the children of the said Rhoda Jane Patty aforesaid."

On December 9, 1878, the property was sold for taxes to Cora M. Patty, she being one of the children named in the foregoing deed, and, on April 8, 1882, the county treasurer executed a deed to her. February 21, 1899, said Cora and

her husband deeded the land to Rhoda J. Patty, one of the grantees in the deed of 1865, and on June 10, 1899, the said Rhoda and her husband, Seth, deeded the property by special warranty deed to said Cora and her brother and sister, Reno and May, with this clause in the deed:

"The grantors herein especially reserve to themselves and to each other, or either of them, the said Rhoda J. Patty and Seth Patty, so long as they, or either of them, shall live, the possession, use and benefit and rents and profits of the real estate herein described."·

This deed was duly recorded June 13, 1899. It is the claim of the defendants that by these transactions the plaintiff was cut out of any interest in the land. This suit was brought in September, 1914, plaintiff claiming that he is entitled to a one-fourth interest, by reason of the deed from Lucinda Davis and Isaac J. Davis to Rhoda J. and Seth Patty in 1865, as he is one of the remaindermen named in said deed. It appears that plaintiff left home in 1874, when he was 22 years old, and went to live with his grandmother, Lucinda Davis, the grantor in the trust deed, and lived with her until 1878, when he was married; then moved to Linden, in Dallas County, Iowa, where he remained until 1884; and then he went to Greene County, Iowa, where they remained for ten and a half years. Plaintiff testifies that, during this period, while he and his wife were living in Greene County, and while visiting plaintiff, one of the defendants told him that they had got Mrs. Cora M. Patty, his sister, paid back for the taxes on the farm, and that this was the only time anything was ever said to plaintiff by his brothers or sisters in relation to the taxes on the place. Plaintiff at no time had any actual notice that his sister Cora had taken a tax deed to the property, until after this suit was begun, though, as before stated, the deed was recorded. Plaintiff was not aware of the tax deed prior to his mother's death, or at any time thereafter, other than such constructive notice as the recording thereof imparts. It appears, also, that some of the defend-

ants did not know of the terms of the deed from Lucinda
Davis and husband to Rhoda J. Patty and husband, until
about the time of the bringing of this action. It is claimed
by appellee that each of the defendants studiously avoided
any mention of anything concerning the land in question, or
the tax deed, to him, and that the obtaining by Cora of
the tax deed conveyance of the property to her mother, and
the deed back, was at least constructive fraud. As stated, it
is shown that Rhoda and Seth remained in possession of the
farm and in control of it during their lifetime, and it is
shown that appellants lived with them until they married
and went to homes of their own.

1. Appellants' first contention is that, under the deed
from Lucinda and Isaac J. Davis to Rhoda J. and Seth Patty,
in 1865, the grantees took simply a life estate, remainder to
the persons therein named; that said deed was not a trust
deed; and that the grantees therein did not hold said property
in trust for said children, and in support of their contention
cite 3 Pomeroy's Equity, pp. 1908–1911; *Dillenbeck v. Pin-
nell,* 121 Iowa 201. On the other hand, appellee contends that
the instrument was a trust deed, and cites, to sustain his
contention, Fetter on Equity, page 174; 3 Pomeroy's Equity,
Sec. 1009; Words and Phrases, Vol. 8, page 7119.

We are inclined to take appellee's view of the matter.
But we do not determine that point, because that question
is not controlling, for the reason that, in any event, under
the deed, plaintiff was one of the remaindermen and entitled
to a one-fourth interest in the land, unless he has been cut out
by the execution of the tax deed and other deeds executed
subsequent thereto.

2. The determination of the case turns, as we view it,
upon the validity of the tax deed. Appellee argues that, as
the grantees in the deed of 1865, Rhoda J. and Seth Patty,
received the rents and profits of the farm, they were bound
to keep up the taxes. They cite on this, *Olleman v. Kelgore,*
52 Iowa 38; *Booth v. Booth,* 114 Iowa 78, 79. Appellee fur-

ther contends that Cora M. Patty could not obtain tax title to the lands as against this plaintiff, as she and Reno Patty, May Patty and the plaintiff, were cotenants of the land in controversy, and cites, to sustain this proposition, *Crawford v. Meis,* 123 Iowa 610; *Shell v. Walker,* 54 Iowa 386; *Tice v. Derby,* 59 Iowa 312; *Clark v. Brown,* 70 Iowa 139; *Fallon v. Chidester,* 46 Iowa 588; *Sorenson v. Davis,* 83 Iowa 405; *Flinn v. McKinley,* 44 Iowa 68; *Smith v. Smith,* 68 Iowa 608; Warvelle on Abstracts (3d Ed.), Sec. 531; *Chaplin v. United States,* 29 Court of Claims Reports 231; *National Surety Co. v. Walker,* 148 Iowa 157; *First Congregational Church v. Terry,* 130 Iowa 513. Appellee also contends that the returning of the title from Cora M., if she had title, to Rhoda J. Patty, trustee, placed the land back in the direct chain of title, and all the rights of the trustee, Rhoda J. Patty, attached thereby, citing *Crawford v. Meis,* supra; *First Congregational Church v. Terry,* supra; *National Surety Co. v. Walker,* supra. And, further, that continuance in occupation of a family homestead by one of the children after the others have separated and gone to their own homes is not an entry upon the land under a claim adverse to the heirs; and on this proposition they cite *Frye v. Gullion,* 143 Iowa 719; *Hume v. Long,* 53 Iowa 299; *Shell v. Walker,* supra; *Bader v. Dyer,* 106 Iowa 715; *Killmer v. Wuchner,* 74 Iowa 359; *Garst v. Brutsche,* 129 Iowa 501. And, finally, appellee contends that the purchase at tax sale by Cora M. and all subsequent acts were a redemption, which inured to the benefit of all the cotenants, citing *Crawford v. Meis,* supra.

The evidence does not show an ouster of any of the cotenants. We do not understand appellants to dispute the legal propositions advanced by appellee, except they claim that the case of *Crawford v. Meis,* supra, is in point, and an authority for appellants. But that case is readily distinguishable from the instant case. In that case, the life tenants allowed the property to be sold for taxes, and it was purchased at the tax sale by a brother of one of the life tenants,

who afterwards conveyed part of it to one of the remainder-
men, and not by one of the cotenants, as was the case here.
The determination of the *Crawford* case was upon the theory
that David Crawford, the purchaser of the land at tax sale,
was a stranger to the life estate, as well as to the estate in
remainder, and that by his tax deed he acquired title to
the property, as against both the life tenants and the tenants
in remainder.

We think appellee's contention at this point must be
sustained, and that Cora M. Patty could not, under the cir-
cumstances shown, take title as against her cotenants, and
that the payment of the taxes by her inured
2. TENANCY IN
COMMON: mutu-    to the benefit of all the cotenants, including
al rights and
duties: payment  plaintiff. This being so, subsequent deeds by
of taxes.
Cora M. and by her mother and father back
to the three heirs, would have no basis and would be, there-
fore, invalid. It may be that Cora M. would be entitled to
contribution from plaintiff for his proportion of the taxes
paid by her, but that question is not in this case. The deter-
mination of the point that Cora M. could not take title as
against her cotenants is decisive of the case.

Appellants seek to avoid the force of appellee's author-
ities by the claim that there was a parol agreement between
Cora M. and her mother and the other defendants, by which
defendants were to pay Cora M. their proportion of the taxes
paid by her, and that Cora should deed the land to her
mother, who, with her husband, would deed it back to Cora
and the other heirs, other than plaintiff, and that the deeds
were executed pursuant to such agreement. Their conten-
tion at this point is that an executed express trust in real
estate may be shown by parol evidence, and that such evi-
dence is not excluded by Section 2918 of the Code. They
cite authorities to sustain this contention.

One difficulty with appellants' contention at this point
is that, if the original deed created a trust, then such an
arrangement as was attempted to be carried out by appel-

lants would defeat the trust created by the original deed, if a trust was created thereby. Furthermore, it is a debatable question whether appellants have established the alleged parol agreement by competent evidence. All the testimony bearing upon that point was given by the defendants, and both their testimony and the witnesses were properly objected to as incompetent, under Section 4604 of the Code. Defendants were parties to the suit and were testifying against the plaintiff. We may add here that the testimony on this point, even if competent, is indefinite and not very satisfactory. Because we have already held that Cora M. could not take title as against the cotenants, and that point is decisive of the case, it is unnecessary to determine the competency of the testimony just referred to.

3. It is thought by appellants that the action is barred by the statute of limitations, because, on June 10, 1899, Rhoda J. and Seth Patty deeded the land in question to the defendants, excluding plaintiff therefrom, and this deed was placed upon record June 13, 1899. Rhoda J. died about January 1, 1900. The claim is that the right of action to plaintiff accrued June 10, 1899, and his interest in the property became vested at the death of said Rhoda J., if it had not vested prior to that time. But this deed had as a basis the tax deed to Cora M., which we have held was invalid. The deed of 1865 gave a life estate to both Rhoda J. and Seth Patty. Seth Patty did not die until 1914. There is no evidence in the record that plaintiff was ever asked to contribute his share to reimburse Cora M. Patty for money paid for taxes. Under the circumstances shown in this case, we are of opinion that defendants, as tenants in common, may not extinguish the title of plaintiff, their cotenant. Appellee cites *Blackett v. Ziegler,* 147 Iowa 167; *Westcott v. Meeker,* 144 Iowa 311; *Jacobs v. Snyder,* 76 Iowa 522; *Chambers v. Chambers* (Ind.), 38 N. E. 334; 24 Am. & Eng. Encyc. of Law 392, to sustain his contention that the statute of limi-

3. LIMITATION OF ACTIONS: partition: tenancy in common of estate in remainder.

tations would not begin to run until the termination of the particular estate, or upon the death of the survivor of Rhoda J. and Seth Patty, which was January, 1914.

For the reasons given, we are of opinion that the decree of the district court was right, and it is, therefore—*Affirmed.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.