SALLIE LARSON PETERSON et al. v. ERIC LARSON et al., Appellants.

Division One, December 2, 1920.

1. **QUIETING TITLE: Removing Cloud: Not Pleaded: Judgment Nevertheless.** A petition which merely alleges that plaintiffs are the owners in fee simple and claim that title to the land in question and, by intendment, that defendants claim some interest adverse to that of plaintiffs, and asking the court to ascertain and determine the title, states an·action at law, and will not authorize a removal of a cloud upon the title, for that would be to award equitable relief. Nor will an allegation in the petition that defendants have placed on record a deed indicating they claim some

title and a prayer that said deed be set aside, authorize the setting aside of said deed, where the petition contains no allegation of facts that would authorize its cancellation; for the statute, in spite of its broad language, does not provide a complete scheme of procedure within itself, but the procedure must conform in all respects to the provisions of the Code. But so far as this case is concerned, the objection that the judgment does not conform to the pleadings is technical and formal rather than of substance, since the court found and adjudged that the deed conveyed nothing, that as a conveyance it was a mere simulation, and hence it is of no practical consequence whether it be cancelled or not.

2. **TAX SALE: Wife's Land: Redemption by Husband: Purchase and Deed from Certificate Holder.** A husband who with his wife occupies her property as a home and assumes to pay the taxes is bound to act in good faith and with due regard for her interests, and a payment by him of delinquent taxes, with penalties and interest, and the receiving of a deed naming him as grantee, from the certificate holder, who had bought the property at a tax sale under a law which permitted it to be redeemed within two years, amounted only to a redemption of the property, and not to a purchase by him, and in equity whatever title he acquired inured to her; and if she had in the meantime died, leaving minor children by him, dependent upon him, and after the wife's death he continued in charge of the property, the same fiduciary relation continued, and he could not acquire an interest in the property hostile to the children, but the payment of the delinquent taxes and penalties to the certificate-holder and the deed from him to himself constituted a redemption of the property from the tax sale, and not a purchase by him.

3. ———: **Life Tenant: Trustee for Remaindermen.** It is the duty of the life tenant to preserve the estate for the remaindermen; and while it may not be incumbent upon a father as a life tenant to redeem property belonging to his wife from a tax sale had before the beginning of his life estate, yet if he does redeem it, it is for the benefit of the entire estate—the remainder as well as his life estate—and if in doing so he receives a deed to himself alone, it inures to the benefit of her children by reason of his trust relation to them.

Appeal from Jackson Circuit Court.—*Hon. T. J. Seehorn*, Judge.

AFFIRMED.

*L. A. Laughlin* for appellants.

(1) The finding of the court is not responsive to the pleadings and the judgment upon the record is erroneous. Boeckler v. Railroad, 10 Mo. App. 448; Koehler v. Rowland, 275 Mo. 581; Lee v. Conran, 213 Mo. 404; Hauser v. Murray, 256 Mo. 58; Minor v. Burton, 228 Mo. 558; Brandt v. Bente, 177 S. W. 377. (2) The court erred in refusing to grant a new trial on the ground of the mistake in his testimony made by Eric Larson. Sec. 2022, R. S. 1909; Ridge v. Johnson, 129 Mo. App. 546; Rickroad v. Martin, 43 Mo. App. 597; Beveridge v. Chetlain, 1 Ill. App. 231; Rolling Mill Co. v. State, 54 Ga. 635; Warren v. Hope, 6 Me. 479; Cooper v. Vaughan, 107 Ark. 498; Trummier v. Darden, 61 S. C. 220; Dudgeon v. Hackley, 182 S. W. 1004; Uhl v. Small, 54 Kan. 651.

*Inghram D. Hook* and *Harding, Deatherage, Murphy & Stinson* for respondents.

(1) The second count, asking the court to set aside the quit-claim deed, which relief could only be granted by a court of equity was clearly determinative of its character as a pleading addressed to the equity side of the court under the statute. It was not necessary for the pleader to go further than to set out the fact that the deed was on record by which the defendants claim a title adverse to plaintiffs and then follow the language of Section 2535. The allegation of other traversable facts necessary in ordinary actions was not required. Hauser v. Murray, 256 Mo. 85; 2 Story's Equity Jurisprudence (14 Ed.), sec. 931; Bispham's Equity (9 Ed.), sec. 31; Murphy v. Barron, 205 S. W. 49; Hudson v. Wright, 204 Mo. 423; Huff v. Land Company, 157 Mo. 65; Spore v. Land Company, 186 Mo. 656; Toler v. Edwards, 249 Mo. 161. (2) The court did not err in refusing to grant a new trial. Paper Co. v. Luney, 68 Mo. App. 7;

Byrd v. Vanderburgh, 168 Mo. App. 112; Parker v. Britton, 133 Mo. App. 273. (3) Even if the facts recited in the affidavit in support of the motion for new trial were given absolute verity, they could not possibly have changed the result. Larson was absolutely precluded from acquiring a title adverse to the plaintiffs, both by virtue of the fiduciary relationship in which he stood towards his minor children and also because he was a life tenant. Fountain v. Starbuck, 209 S. W. 900; Construction Co. v. Whitnell, 190 Mo. App. 42; Hauser v. Murray, 256 Mo. 86; Armor v. Frey, 253 Mo. 474; Moran v. Stewart, 246 Mo. 462.

RAGLAND, C.—Statutory action to quiet title. The pleadings and judgment, so far as pertinent to the questions involved on this appeal, are as follows:

"Plaintiffs for their second cause of action against defendants state that they are the owners in fee simple and claim that title to the following real estate in Jackson County, to-wit: Lot 21, Block 1, New South Moreland, an addition in and to Kansas City, Missouri.

"Plaintiffs state that the defendants have placed on record a deed dated November 9, 1905, and recorded June 4, 1914, indicating that they claim some title, estate or interest in and to said property adverse to the estate and title of the plaintiffs.

"Wherefore plaintiffs pray that the court try, ascertain and determine the estate, rights, title and interest of the plaintiffs and defendants herein, and by its judgment and decree set aside said deed, and define and adjudge the estate, rights, title and interest of plaintiffs and defendants in and to said property according to the statute in such cases made and provided, and for their costs in this behalf expended."

The answer reads: "Defendants for answer to plaintiffs' second cause of action deny each and every allegation in said petition contained. Wherefore, defendants ask judgment that they go hence without day."

The judgment is as follows: "On the second count of plaintiff's petition the court finds the facts to be as follows:

"That Anna Larson in her lifetime was the owner in fee simple of Lot Twenty-one of Block One of New Southmoreland, an addition in and to Kansas City, Jackson County, Missouri, together with the improvements thereon and appurtenances thereto belonging; that said Anna Larson died intestate on or about the 28th day of January, 1903, survived by her husband, the defendant Eric Larson, and four children, to-wit, the plaintiffs, Sallie Larson Peterson, Anna Larson and Lillie Larson and Agda; Larson; that said Agda Larson died intestate on or about February 3, 1903, while an infant and unmarried; that plaintiff Sallie Larson Peterson is now twenty-four years of age; the plaintiff Anna Larson is now twenty years of age, and the plaintiff Lillie Larson is now eighteen years of age; that the defendant Eric Larson is the father of the plaintiffs.

"That at the time of the death of said Anna Larson, the property hereinabove mentioned had been sold in November, 1901, by the city of Kansas City for failure in the payment of the annual general city tax on said property for the year 1901, a tax certificate having been issued to T. A. Matthews in the month of November, 1903; that under the provisions of the then existing charter of Kansas City, Missouri, the owner of property sold for failure to pay annual city taxes had a period of two years from such sale in which to redeem said property from said sale; that at all times herein mentioned, the said Eric Larson had been acting in a fiduciary capacity in the care of said property, and in the payment of taxes thereon.

"That after the death of said Anna Larson and before the expiration of the period of redemption above mentioned, the defendant Eric Larson, during the late summer or early fall of 1903, and while acting in his fiduciary capacity as aforesaid, paid to Caleb Winfrey,

assignee of said tax certificate, the sum of $31.75 on behalf of himself as life tenant and on behalf of his children as remaindermen in full of all taxes, charges and costs against said property for which said property had been sold by the city in 1901, and that thereby said property was redeemed and restored to the owners thereof; that thereafter and to-wit, on November 27, 1903, a tax deed was executed and delivered by the city of Kansas City to Caleb Winfrey, by the terms of which said property was conveyed by the city of Kansas City; that said deed was filed for record in the office of the recorder of deeds of Jackson County, Missouri, on December 8, 1903, and recorded in Book B 802 at page 557 thereof; that afterwards on November 5, 1905, a deed of quit-claim was executed, acknowledged and delivered by Caleb Winfrey and wife to the defendant Eric Larson, whereby said Winfrey and wife remised, released and quit-claimed said property to the defendant Eric Larson; that afterwards, to wit, on June 4, 1914, said instrument was filed for record in the office of the recorder of deeds of Jackson County, Missouri, and recorded in Book B 1561 at page 132 thereof.

"That on or about August 26, 1911, defendant Eric Larson intermarried with the defendant Margaret Billow Larson, and they have ever since remained husband and wife.

"The court further finds the fact to be that ever since the death of said Anna Larson, defendant Eric Larson, as tenant for life, has remained in possession of the property hereinabove described, has paid the taxes thereon and has enjoyed the use and occupation of said premises as such life tenant.

"Wherefore, it is considered, adjudged and decreed by the court as follows:

"That said tax deed, dated November 27, 1903, and filed for record on said December 8, 1903, in Book B 802, page 557, and said quit-claim deed, dated November 5, 1905, and filed for record June 4, 1914, in Book B 1561, page 132, in the office of the Recorder of Deeds of Jack-

son County, Missouri, be and the same hereby are declared to be clouds on the title of plaintiffs to said property and that they be and they hereby are cancelled and held for naught and the cloud thereof removed.

"It is therefore further decreed by the court that the title to said property is in the plaintiffs and in the defendant Eric Larson, as follows:

"A life estate by virtue of his right of courtesy as the surviving husband of said Anna Larson is in the defendant Eric Larson; that the title in fee simple absolute to an undivided one-sixteenth of said property is in the defendant Eric Larson, by virtue of the Statutes of Descents and Distributions of this State, as the heir and father of the said Adga Larson, deceased, subject to said life estate in himself.

"That the rest, residue and remainder in said property, subject to the life estate in the above named defendant Eric Larson, is in the plaintiffs in fee simple as follows: In the plaintiff Sallie Larson Peterson, an undivided five-sixteenths; in the plaintiff Anna Larson, an undivided five-sixteenths; and in the plaintiff Lillie Larson, an undivided five-sixteenths, as heirs of their mother, Anna Larson, deceased."

Motions for new trial and in arrest of judgment were filed and overruled in due course. Defendants appeal.

Appellants seek a reversal of the judgment on two grounds: First, that it is not responsive to the issues made by the pleadings; second, that on account of a mistake made by defendants' principal witness in giving his testimony they were entitled to a new trial.

I. After adjudging that the tax deed and the quitclaim deed therein referred to are clouds on plaintiffs' title, the judgment proceeds as follows: "and that they be and they hereby are cancelled and held for naught and the cloud thereof removed." By the

Pleading and Judgment.

clause just quoted it awards affirmative equitable relief. A reading of the petition

discloses that it contains none of the necessary averments of a bill for the removal of a cloud on title; it merely alleges that the plaintiffs are the owners in fee simple and claim that title to the land in question and, by intendment, that the defendants claim some interest an action at law (Koehler v. Rowland, 275 Mo. 573, 581), adverse to that of plaintiffs. In other words, it state and no where purports to set forth any grounds for equitable relief. It is unnecessary to cite authorities to show that the relief granted must be within the issues made by the pleadings.

The petition contained a prayer that the deeds be set aside and this, respondents assert, was sufficient under the statute to authorize the granting of this equitable relief. Section 2535, Revised Statutes 1909, contains, among others, this provision: ''upon the trial of such cause, if the same be asked for in the pleadings of either party, the court may hear and determine any and all rights, claims, interests, . . . and may award full and complete relief whether legal or equitable.'' But the statute does not provide a special or complete scheme of procedure within itself. On the contrary the procedure under it must conform in all respects to the provisions of the code. [Sec. 2536, Revised Statutes 1909; Huff v. Land Co., 157 Mo. 65, 70, 71.] Under those provisions, broadly considered, a given relief is not ''asked for in the pleadings'' where no attempt is made to allege therein such facts as would authorize it.

So far as this case is concerned, however, the objection that the judgment does not conform to the pleadings is technical and formal rather than one of substance. Under the petition the court was fully authorized to define and adjudge by its judgment the title, estate and interest of the parties severally in and to the real property in controversy. In doing so it was necessary for it to determine what interest, if any, was conveyed to the defendant Eric Larson by means of the deeds in question. It found, and so adjudged, that they in fact conveyed nothing, that as conveyances they were

mere simulations. In the face of this adjudication it is of no practical consequence whether they be formally cancelled or not. If the unauthorized portion were stricken out, a valid and effectual judgment would remain.

II. The defendant Eric Larson testified that during the life of his first wife, Anna Larson, he attended to the payment of all taxes on her property which they occupied as a home; that through some oversight he neglected to pay the general city taxes for the year 1901, amounting to $2.18, and in November of that year the property was sold by Kansas City and a certificate of purchase issued to one Matthews; that knowledge of the tax sale did not come to him until 1903, when he sent his time-keeper to pay the current taxes; and that after some negotiations with the holder of the certificate of purchase he paid to him in the late summer or early fall of 1903 the sum of $31.75 and some time later received from him the quit-claim deed. He further testified that is so paying the sum of $31.75 he merely intended to pay the taxes on the property; that he expected the title to stand just as it had before; and that so far as he was concerned it did so stand. On this testimony the trial court found that by the payment of $31.75, the defendant Eric Larson had redeemed the property from the tax sale under the provisions of the then-existing charter of Kansas City and that the tax deed subsequently executed by Kansas City conveyed no title.

One of the grounds of the motion for a new trial was that the defendant Eric Larson made a mistake in testifying that a knowledge of the sale of the property for taxes came to him in 1903, the fact being that he first learned of it in 1905, nearly two years after the lapse of the time provided by the charter for redemption. From this fact appellants argue that the transaction Larson had with Winfrey, the assignee of the certificate of purchase, constituted a purchase of the property by Larson and not a redemption of

it from the tax sale. But this conclusion does not follow. During the lifetime of his wife Larson assumed the burden of paying all the taxes on her property. He had an interest in it in that he occupied it jointly with her as a home. She evidently gave no thought or attention to the payment of taxes as they accrued, but relied implicitly on his discharging the duty he had voluntarily undertaken. By reason of this special confidence so reposed in him, Larson was bound to act in good faith and with due regard to his wife's interests, and, had she been alive in 1905 when he paid Winfrey the amount of the delinquent tax with penalties and interest and received in return a deed purporting to convey to him the premises, the transaction would in equity and good conscience be held to have been merely a redemption of the property from the tax sale. [17 R. C. L. p. 637, sec. 27.] But she died in the early part of 1903 with the tax sale outstanding. She left as her successors in title her minor children. They were also Eric Larson's children; he was their natural guardian and they had no other. They were entirely helpless and dependent upon him. He had had the care and management of the property prior to their mother's death; after her death he continued in charge of it. Under these circumstances the relation that Larson sustained to his minor children, with respect to the property, was as much a fiduciary one as that that had previously existed between him and his wife during her lifetime. He could not, therefore, while the relation existed, acquire an interest in the property hostile to that of his children. And he did not attempt to do so. On the contrary, according to his own testimony, he paid Winfrey $31.75 in discharge of the tax lien without any intention of acquiring the title himself.

With reference to his children, Eric Larson occupied another position of trust. As life tenant it was his duty to preserve the estate for them as remaindermen.

While it may not have been incumbent upon him as life tenant to redeem the property from a tax sale had before the commencement of his estate, yet, if he did redeem, it is clear that it would be for the benefit of the entire estate—the remainder as well as that of the life tenant. In this case (if the payment was not made until 1905) the time for redemption had lapsed, but it is evident that the holder of the tax title waived the question of time and reconveyed the title upon the payment by the life tenant of the tax, penalties and interest. Under such circumstances the transaction, regardless of the form it took, should be treated as a redemption, and not a purchase, of the property by the life tenant. [Fountain v. Starbuck, 209 S. W. 900, 901; Peak v. Peak, 228 Mo. 536.]

It follows that had Eric Larson testified that he first learned of the tax sale in 1905 instead of 1903 the finding and judgment of the trial court so far as the ultimate interests of the parties is concerned would still be right.

In accordance with the views expressed in a previous paragraph the judgment is modified by striking out at the close of the first paragraph thereof the words, "and that they be and they hereby are cancelled and held for naught and the cloud thereof removed." As so modified it is affirmed. *Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAG-LAND, C., is adopted as the opinion of the court. All of judges concur, except *Woodson, J.,* not sitting.