JACOB RICH et al., Appellees, v. EVA B. ALLEN et al., Appellants.

No. 44691.

JUNE 20, 1939.

Galer & Galer, for appellants.

Elgar & McLeran, for appellees.

MITCHELL, C. J.—The following are the salient facts in this case:

Dr. Allen, now deceased, was a judgment creditor of the plaintiff Jacob Rich. Jacob Rich owned a life interest in

the land in question through the will of his father, Nick Rich. This will, which was duly admitted to probate in the district court of Henry county, Iowa, contained certain restrictions against alienation and an attempted immunity from the debts of the son. The question of the validity of these attempted restrictions was involved in the original case in the district court and was there settled by a ruling on demurrer, the lower court holding that these attempted restrictions were invalid as against public policy, and sustaining the validity of the sheriff's deed to the life estate of the son. The parties pleaded over and did not appeal from this ruling and this part of plaintiffs' case was abandoned in the subsequent proceedings in the district court. This question is not therefore before this court.

The will of Nick Rich further provided that upon the death of Jacob Rich and his wife's death if she survived him, the land should go to his children, being the other plaintiffs in this action. Jacob Rich and his wife are still alive. The title to the land thus originally stood as follows:

A life tenancy in Jacob Rich, with a further life tenancy to his wife, if she survived him, with remainder to Anna Nafziger, Irene Heitemeier, Madge Ward, and Josephine Mason, grandchildren of the testator, Nick Rich, who thereby became owners of the fee.

The life tenant, Jacob Rich, occupied the land for a number of years and meanwhile became indebted to Dr. Allen. The debt was reduced to judgment against Jacob Rich, and his interest as life tenant in the land was levied on and sold to Dr. Allen. Subsequently a sheriff's deed to Jacob Rich's life estate was issued to Dr. Allen.

It is conceded that defendants as successors to Dr. Allen are the owners of the life interest of Jacob Rich, and that this ownership will cease and terminate at the death of said Jacob Rich.

It was also conceded that Jacob Rich whose primary duty it was to pay the taxes on this land allowed the property to be sold for taxes, the first purchase having been made by A. M. Van Allen, who also paid subsequent taxes thereon as allowed by statute.

This tax sale with its accumulation was sold to Dr. Allen on March 21, 1930, which was after the sale of the life interest of Jacob Rich to Dr. Allen under the general execution, which

took place on January 18, 1930. The total amount of taxes paid by Dr. Allen up to the time he became the owner and holder of the life estate in this land was $378.84, which is the amount the appellants seek to recover in this case.

It is conceded that after Dr. Allen received the life estate by sheriff's deed, it became his duty under the law to pay the taxes accruing while his life tenancy lasted.

There is no dispute in regard to the facts and the only question to be decided upon this appeal is whether the appellants are entitled to recover back from the remaindermen or out of the real estate by lien or otherwise the amount of the taxes paid by Dr. Allen prior to the issuing of the sheriff's deed. It must be kept in mind however that Dr. Allen paid no taxes until after he had levied his judgment and had received a sheriff's certificate for the life estate of Jacob Rich.

It is the claim of the appellant that Dr. Allen was simply a judgment creditor. This of course was true up until the time of the sale of the life estate under his general execution, which occurred on January 18, 1930. Dr. Allen after the sale was no longer a judgment creditor but instead stepped into the shoes of Jacob Rich in the enjoyment of the life estate. The real estate was burdened with unpaid taxes before Dr. Allen levied upon it, which should have been paid by Jacob Rich but were not. Dr. Allen, by levying on the life estate, stepped into Jacob Rich's place in the life estate and was obligated to pay the delinquent taxes or else lose the advantage of the life estate.

Dr. Allen could acquire no greater rights than what Jacob Rich had. Since Dr. Allen divested Jacob Rich of his life estate, Dr. Allen then had the duty of paying the taxes if he was to enjoy the fruits of the life estate. Consequently Dr. Allen had a greater burden than that of a mere judgment creditor. Murch v. J. O. Smith Mfg. Co. 47 N. J. Eq. 193, 20 A. 213; Note, 17 A. L. R. 1397.

"It is claimed by the defendant that it is only liable for its own default; that it cannot be held responsbile for the tax which a former occupant failed to keep down. * * * The only right of the defendant corporation in this property is as purchaser of a life-estate of Murch under a judgment. It stands in his shoes, takes only the interest which he had, and with it its liabilities. * * *

"The life-estate of John H. Murch when purchased by defendant was liable to the extent of its rental value for taxes in arrear. The income has been sufficient to keep down the taxes and pay those in arrear. The defendant, as purchaser, took the estate *cum onere*, and must apply a sufficient amount of the rents to the discharge of said tax-liens."

The Nebraska Supreme Court was confronted with a similar question in the case of King v. Boettcher, 96 Neb. 319, 147 N. W. 836, 841. We quote:

"Before the purchase from O'Reilly [the life estate] there could have been no duty upon the part of Mr. Boettcher [purchaser of the life estate] to pay the taxes; whenever Boettcher did make the purchase, then he bought what O'Reilly had to sell, and nothing more. O'Reilly was bound to keep up the taxes because he was the owner of the life estate, and that duty was enjoined upon the owner of such estate, whoever he might be, because it was a legal burden which belonged to the life estate itself, and was inseparable from it. For that reason, Mr. O'Reilly could nòt release the life estate by selling it to Boettcher, and Boettcher bought it subject to the burden which O'Reilly had permitted to accumulate. If O'Reilly could convey the life estate separate from the legal burden enjoined upon it, then he could transfer to Boettcher a greater interest than he himself enjoyed. Concert of action between O'Reilly and Boettcher should not be permitted to destroy the interest of the remaindermen, or to lessen its value."

If Jacob Rich had paid the taxes he would have been doing what the law required him to do, in that he had the duty of paying the taxes.

If Jacob Rich had bought the tax certificate, he could acquire no interest adverse to the remaindermen and in fact would have merely been redeeming the taxes. Dr. Allen, therefore, by buying in the tax certificate was merely redeeming the taxes.

Since Dr. Allen took the life estate, subject to its burdens these appellants are not now in a position to ask for contribution from the remaindermen since it was the duty of the life tenant to keep the taxes paid.

Appellants next contend that since the appellees tendered

into court and offered to pay all taxes which the court found might be due, if any, that they are now estopped from refusing to pay same.

The lower court found that the appellants were in possession of the life estate, so consequently were not entitled to a contribution from the remaindermen for the reason that Dr. Allen had a legal duty to pay the taxes.

The offer of the appellees to pay any sum found due did not mislead the appellants or cause them to change their position because Dr. Allen had many months prior to that parted with his money. Since the appellants did not change their position or were not misled by the statements of the appellees, it can not be said that these facts present a true estoppel. Since the appellees did only what the law required them to do in making such an offer to pay the appellants what taxes were found due by the court, it cannot be said that the appellees, by their offer, recognized or acquiesced in the appellants' claim for reimbursement for the taxes paid by Dr. Allen.

The record shows that appellants have been receiving the income from the eighty-acre farm involved. Finding no error, the judgment of the lower court must be and it is hereby affirmed.—Affirmed.

HAMILTON, RICHARDS, SAGER, BLISS, OLIVER, MILLER, and STIGER, JJ., concur.

HALE, J., takes no part.