230 P.2d 246

MATLOCK v. MIZE et al.

No. 5258.

Supreme Court of New Mexico.

Dec. 20, 1950.

Rehearing Denied May 3, 1951.

Otto Smith, Clovis, for appellant.

Quinn & Cox, Clovis, for appellees.

COMPTON, Justice.

This is an action by appellant, Albert Matlock, against Arline Mize and others to quiet title, wherein appellee, Erman Loren Mize filed a cross-action to quiet title. From a judgment for appellee, the appellant appeals.

The facts are not in dispute. On July 9, 1926, A. M. Mize and T. C. Mize, his wife, conveyed to Arline Mize, their son, by warranty deed, certain real estate situated in Curry County, New Mexico. The pertinent provisions of the deed are:

"Do grant, bargain, sell. remise, convey, release, and confirm unto the said party of the second part, *his bodily heirs,* and assigns, forever all the following described lot or parcel of land and real estate situated, lying and being in the County of Curry and State of New Mexico, to-wit: The northwest quarter of section 27, and the southwest quarter of section 22, all in township three (3) north, range thirty-four (34) east of the New Mexico Meridian, Curry county, state of New Mexico. * * *

* * * * * *

"To have and to hold * * *.

"And that the same are free and clear from all former and other grants, bargains, sales, liens, taxes assessments and incumbrances of what kind and nature soever, except *this deed is to take effect only upon the death of both of the grantors herein * * *.*

"In witness whereof * * * A. M. Mize, T. C. Mize." (Emphasis ours.)

The deed was recorded April 5, 1929. On July 9, 1935, Arline Mize mortgaged a portion of the premises to Charles Sorgen who, on February 24, 1937, while said mortgage was in full force and effect, acquired a tax deed to the land involved for delinquent taxes for the years 1931, 1932 and 1933. On March 6, 1937, Sorgen brought suit to quiet title wherein appellee and others were named defendants and a decree was rendered quieting title in Sorgen on May 4, 1937.

On May 13, 1937, Sorgen and wife conveyed the premises to one, J. A. Mathews. The estate in remainder was not mentioned in the deed nor in any subsequent conveyance. On the same date, Mathews and wife conveyed the property to M. H. Mize, a brother of Arline Mize. Thereafter, on March 29, 1944, M. H. Mize and wife conveyed the premises to A. L. Mize who is the same person as Arline Mize, the life tenant. On March 31, 1947, A. L. Mize and wife conveyed the premises to Albert Matlock, the appellant. A. M. Mize, father of Arline Mize, died February 23, 1930, and the mother, T. C. Mize, died November 20, 1936.

Appellee claims co-ownership of the remainder by virtue of his grandparents' deed; that upon the death of his father, full title will pass to them and that reacquisition of the title by the life tenant merely effected a redemption from the tax sale.

Appellant contends that appellee is barred by the quiet title action; that an estate in remainder did not revest in appellee upon a reacquisition of the title by the life tenant; that appellant is a bona fide purchaser for value; that the conveyance from A. M. Mize and T. C. Mize to Arline Mize was an attempt to make testamentary disposition and therefore void, and that the equities of parties should be adjusted.

Unquestionably, Sorgen, the grantee in the tax deed, or any subsequent purchaser not duty bound, could assert the tax title against the estate of the remainder. Zaring v. Lomax, 53 N.M. 273, 206 P.2d 706. This conclusion, however, does not determine the question. The question here presented is whether a valid tax deed which divests all prior interest in land, can be acquired by a life tenant and by him asserted against his remainderman so as to destroy the remainder. We are of the opinion that it cannot be asserted in derogation of the future interest. The fiduciary duty of a life tenant to the remainderman is not an interest in the land, but a duty equity imposes upon a life tenant to preserve and protect the remainderman,

therefore, that duty and obligation is not destroyed by the acquisition of a tax title, but rather a fulfillment of such duty. This duty to the remainderman remains an ever present obligation, unaltered and undivested by the issuance of a tax deed. So, the reacquisition of the title by the life tenant was, in effect, a redemption from tax sale which inured to the benefit of the remainderman. Zaring v. Lomax, supra; Varney v. Stevens, 22 Me. 331; Prettyman v. Walston, 34 Ill. 175; Olleman v. Kelgore, 52 Iowa 38, 2 N.W. 612; Stewart v. Matheny, 66 Miss. 21, 5 So. 387; Peterson v. Larson, 285 Mo. 119, 225 S.W. 704; Crawford v. Meis, 123 Iowa 610, 99 N.W. 186, 66 L.R.A. 154; Bryson v. Connecticut General Life Ins. Co., Tex.Civ.App., 196 S.W. 2d 532; Wootten v. Wootten, 10 Cir., 151 F.2d 147, 149, 161 A.L.R. 1027.

In Wootten v. Wootten, supra, the court succinctly defines the duties of a trustee: "Many forms of conduct regarded as permissible for those acting at arm's length are forbidden to those bound by fiduciary ties. The standards of conduct for a trustee rise far above the ordinary morals of the market place. Not honesty alone, but a punctilio of honor the most sensitive is the standard of behavior required of a trustee. He must completely efface self-interest. * * * A trustee must not compete with his beneficiary in the acquisition of property. The principle is not limited to cases where the fiduciary ac-

quires property entrusted to him, nor to cases where the fiduciary competes with the beneficiary in the purchase of property which the trustee has undertaken to purchase for the beneficiary. Even though the interest purchased by the fiduciary for himself is not property of the beneficiary entrusted to the fiduciary, nor property which the fiduciary has undertaken to purchase for the beneficiary, the principle applies if the property purchased by the fiduciary for himself is so connected with the trust property or the scope of his duties as fiduciary, that it is improper for him to purchase it for himself."

Appellant insists that the principle does not apply where taxes are a charge against land prior to the establishment of the trust. This contention is without merit. See Federal Land Bank of New Orleans v. Newsom, 175 Miss. 114, 161 So. 864, 166 So. 345; Rich v. Allen, 226 Iowa 1304, 286 N.W. 434; Wiswell v. Simmons, 77 Kan. 622, 95 P. 407. Also, see Lohmuller v. Mosher, 74 Kan. 751, 87 P. 1140.

The point is made that the instrument, by reason of the words, "this deed is to take effect only upon the death of both of the grantors herein," is not a deed, but is testamentary in character and, therefore, void. We do not agree with appellant. The intention on the face of the instrument is apparent. It is in the form of a deed, properly acknowledged, and contains words of conveyance ordinarily found in deeds. We think these words aptly convey a present interest, irrevocable upon delivery. Moreover, the construction placed upon the instrument by the parties is entitled to great weight. Manifestly, they construed it as a deed; they denominated it as such and the grantors enjoyed the right of possession during their lifetime, after which the grantee treated it as his own. A consideration of the whole instrument is convincing that the instrument presently conveyed a fee title to the grantee, A. L. Mize, postponing possession, however, during the lives of the grantors. Like conveyances, held to be valid as deeds, are found in Westover v. Harris, 47 N.M. 112, 137 P.2d 771; Hunt v. Hunt, 119 Ky. 39, 82 S.W. 998; Lauck v. Logan, 45 W. Va. 251, 31 S.E. 986; Wilson v. Carrico, 140 Ind. 533, 40 N.E. 50, 49 Am.St.Rep. 213; Shackelton v. Sebree, 86 Ill. 616; Wyman v. Brown, 50 Me. 139; West v. Wright, 115 Ga. 277, 41 S.E. 602; Bunch v. Nicks, 50 Ark. 367, 7 S.W. 563. See Anno. 11 A.L.R., p. 36 and Anno. 76 A.L. R., p. 636.

Appellant insists that he is an innocent purchaser, for value and without notice. In this respect, notice of appellee's claim is shown by the record, of which appellant is required to take notice. The deed from the grantors to the life tenant was recorded April 5, 1929. The deed reconveying the premises to the life tenant was recorded March 29, 1944, some

three years prior to the conveyance to appellant. Our recording statute put him upon notice of appellee's claim.

Finally, appellant insists that the trial court failed to adjust the equities of the parties, claiming that he should be reimbursed by appellee for the amounts necessarily expended in the payment of taxes and the repurchase of the premises. In this regard, the question was not an issue in the lower court, therefore, not a matter for review here.

The judgment will be affirmed and it is so ordered.

LUJAN, SADLER, and McGHEE, JJ., concur.

BRICE, C. J., not participating.