McDougall vs. Monlezun et al.

---

## No. 10,038.

### JOHN McDOUGALL vs. PASCAL MONLEZUN ET AL.

A tax sale is not necessarily cancelled and annulled by a certificate of redemption issued under the provisions of section 69 of act 42 of 1871, as such certificate is intended merely to redeem immovable property from a previous forfeiture to the State.

Under that section the privilege of redemption is extended to any person interested, and this includes the purchaser at the tax sale.

If the certificate is made in favor of the original owner, it is competent for the purchaser to show that he made the payment out of his own funds with intention to retransfer the property to the former owner, on condition of reimbursement within a given time by the latter.

An action to invalidate a tax sale made under a law of the State is barred by the prescription of three years. Barrow vs. Wilson, 39 Ann. 403, affirmed.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *DeBaillon*, J.

*Breaux & Renoudet*, for Plaintiff and Appellant.
*Chas. D. Caffery & M. E. Girard*, for Defendant and Appellees.

The opinion of the Court was delivered by

POCHÉ, J. This suit involves the title to a tract of land which was sold by the tax collector of the parish of Lafayette, wherein the prop-

erty is situated, on the 6th of May, 1876, for taxes levied against it for the years 1873 and 1874.

Plaintiff claims under a sale made to him in April, 1883, by Otto Meine, the owner of the land at the time that the tax sale took place.

At that sale the property was adjudicated to William Brandt, who sold the land to L. E. Salles in January, 1877.

The defendant Monlezun purchased the same property from Salles in May, 1877.

Plaintiff charges nullity and fraud in all these transactions, and Monlezun, Salles and Brandt are all thus made parties to the suit.

The first ground of nullity is a certificate of redemption issued by the tax collector and by the Auditor of Public Accounts, under date of May 16, 1876, in which it is recited that the taxes and damages for which the property had been forfeited to the State had been paid into the State Treasury by William Brandt for account of Otto Meine, which certificate of redemption was of record at the date of Salles' purchase from Brandt, and of Monlezun from Salles. Hence, plaintiff charges fraud and nullity as to a certificate issued by the Auditor of Public Accounts under date of December 31, 1876, confirming the adjudication and tax deed made by the tax collector to William Brandt.

Plaintiff also alleges numerous illegalities, irregularities and informalities in the manner of assessing said property for the years 1873 and 1874—and in the proceedings which were the basis of the tax sale of May 6, 1876.

Of the number are, want of legal notices, omission to list the property as belonging to a non-resident (Otto Meine, being then a resident of New Orleans), absence of required affidavits to assessment rolls, omission to sell the lands in fifty acre lots, insufficient and defective description of the property, insufficiency and irregularity of advertisement of the sale, and other informalities of a similar character.

The defense consisted of numerous exceptions, pleas, answers and amended answers, substantially maintaining the legality of the tax sale, and the just title of the defendants, ending with a plea of the prescription of three years in bar of plaintiff's suit to invalidate the tax sale, and the plea of prescription of five years as curing all defects of form and of the proceedings leading to the tax sale.

At a first trial one of the exceptions urged by the defendants was sustained by the district court, whose judgment was, on appeal, reversed by this court, whence the case was remanded to the lower court for trial on the merits of the cause. McDougall vs. Monlezun, 36 Ann. 223.

After the cause was remanded the defendants severed in their defenses, and each of their cases was tried separately, resulting in judgments against Brandt and Salles, and a judgment in favor of Monlezun, recognizing his title and quieting him in his possession.

Hence, on issues involving the legality of a certain title we have to deal with a singular state of things, exemplified by a judgment which annuls the tax sale, and by another judgment sustaining the title of a purchaser holding under such tax sale.

Plaintiff is appellant as to Monlezun and appellee as to Brandt and Salles.

After a serious study of the case, including a tedious examination of a most cumbersome record, as incomplete as we found it last year, (38 Ann. 230), we conclude that the case turns on the two following questions:

1st. Did the certificate of redemption issued on the 16th of May, 1876, annul the tax sale of the 6th of that month, and restore the ownership of the property to Otto Meine?

2d. Is that part of plaintiff's action which seeks to invalidate the tax sale of May, 1876, on the alleged grounds of nullities for illegality and irregularity of the proceedings, barred by the prescription of three years, and has that prescription accrued?

1st. On the first point the record shows the following salient facts as bearing on the issues which we are called to review:

The property in suit had been forfeited to the State for unpaid taxes of 1873 and 1874, in accordance with the provisions of secs. 67 and 68 of act 42 of 1871, and the certificate of redemption was, under its own terms, issued in compliance with sec. 69 of the same act, which reads: "That if any person *interested* in any lot or lands *forfeited* to the State shall, after the date of the collector's return, pay to the *Treasurer of the State* or to *the tax collector* charged with the collection of the tax for which said property was forfeited, the taxes for which the same were returned, and all taxes subsequently accrued on such land, and 25 per cent damages thereon, and 25 per cent additional for every year or part of year, after one year, the Auditor, upon proof thereof, shall execute and deliver to *such person* a certificate of redemption of the same." * * (Italics are ours).

From a careful analysis of the language of that section, it appears that the redemption therein contemplated is not from an adjudication or tax sale to a third person, but simply from a forfeiture to the State, and that no payment is therein contemplated or suggested from the delinquent to the adjudicatee of his property at a tax sale.

It will also be noticed that the privilege of redeeming the property is not restricted to the former owner, but it is extended to *any person interested*. Hence, it follows that the purchaser at a tax sale made subsequently to the forfeiture to the State is included in the persons interested, and that the most frequent exercise of the privilege is found at the hands of the purchaser, who thus relieves his purchase from the effect of the previous forfeiture to the State.

The certificate of redemption contemplated in that section is materially different from, and must not be confounded with, the redemption which results from section 62 of the same act, and therein lies the error of plaintiff in claiming that the certificates of redemption which issued on May 16, 1876, had the effect of necessarily and absolutely cancelling the tax sale of May 6, and the adjudication to Brandt.

Sec. 62 of the act provides : " That real estate sold hereafter under the provisions of this act or any former revenue act, shall be redeemable by *the owners thereof*, or their legally authorized agents, within two years from the day of sale, upon the payment to *the party purchasing* at the tax collector's sales of the amount of the purchase-money with 50 per cent additional and all costs, " * * * (Italics are ours).

It thus appears that the privilege of redeeming the property is restricted to *the owner* thereof, and that the payment is to be made to the *party purchasing*, and not the Treasurer or tax collector. The provisions of this statute assume that the amount of the taxes due to the State has already been paid by the purchaser, and that the forfeiture to the State has thereby been cancelled.

Referring to the certificate, with which we are now dealing, the evidence in the record shows that Brandt, the adjudicatee, had been in the habit of paying the taxes of Otto Meine on the property with money which the latter would send him every year. It is shown that Meine was notified first that the property had been forfeited to the State, and of the payment which he should make without delay to save his land. His answer was that he was out of funds. At the sale, which soon followed, Brandt bid in the property, with the intention of saving it for Meine, obtaining the promise of the tax collector to wait for him for six months without increasing damages, of which he immediately informed Meine by letter.

At the expiration of that time Meine had failed to come to the rescue, and as the tax collector pressed Brandt, who was powerless to relieve Meine, he sold the property to L. E. Salles, the deputy tax collector, who made the payment out of his own funds into the State

treasury, and for whose benefit, as a purchaser, the certificate of redemption operated, in default of Meine's compliance with the promises made for him by his agent.

In a letter to his attorney, under date of September 12, 1877, Otto Meine corroborates this state of facts, and unequivocally admits that he had paid no taxes on the property after the year 1872, thus confirming the conclusion that the certificate of redemption did not, and was not intended absolutely to enure to his benefit. His assignee is bound by his acts and admissions in all these matters.

The proceeding was irregular, but the only party who could have derived any benefit from the irregularity was Meine himself, to whom the tax collector had extended an indulgence of six months.

By the payment, at any time between the 6th of May, 1876, to the 1st of January, 1877, of the precise amount of the adjudication, Meine would have been the beneficiary of the redemption issued to his agent; and it was only on his default that the law took its course, resulting in his expropriation.

We fail to discover any elements or intentions of fraud in the conduct of either Brandt or Salles, or any undue advantage which accrued to either under their management.

A difference of only $35 appears to exist between the purchase-price at the tax sale, and the price ($100), paid by plaintiff to Meine for the identical property.

In addition to the facts hereinabove recited the record shows by other circumstances almost conclusive, that the redemption did not enure to the benefit of Meine, from the fact that the sale had already been made, and that under the sale from Brandt to Salles the latter went into possession of the lands, which possession was tranferred to Monlezun in May, 1877, from which time he has been in uninterrupted possession of the same. This view is confirmed by the Auditor's ratification of the tax sale in December, 1876, at which time he certified that the lands had not been redeemed *by the owner*.

Hence, it follows, as we hold, that the adjudication and tax sale of the 6th of May, 1876, was not concelled or annulled by the certificate of redemption issued on the 16th of May, of the same year.

2d. This suit was filed in November, 1883, and the sale attached, and took place, as stated, in May, 1876 ; hence, more than three years had elapsed between the date of the sale and the institution of the suit.

64

McDougall vs. Monlezun et al.

The tax deed is translative of property; it was executed by a competent officer, under the provisions of a law of this State—act No. 47 of 1873; it contains a recital of a compliance with all the formalities prescribed by the act; the record shows that, holding under it, the defendant, Monlezun, has been in possession of the property sold thereby for more than three years, and has added to it many and valuable improvements, and the case therefore falls under the prescription established by section 5 of act 105 of 1874.

It reads as follows: "Any action to invalidate the titles of any property purchased at tax sale under and virtue of any law of this State, shall be prescribed by the lapse of three years from the date of such sale."

In commenting on that provision of law, and measuring its effect and bearing on a plea interposed to an action to invalidate a tax sale, this court recently said:

"This is distinctly a statute of prescription. It operates not upon the rights of the parties. It does not purport to validate a title which otherwise would be invalid. It simply limits the time within which owner of the original title shall be allowed to assert his rights against the purchaser at a tax sale." * *

"It is a mistake to treat this statute as one intended to *cure defects* in tax titles. It is a statute of prescription, barring an action, regardless of the merits or demerits of either title." Barrow vs. Wilson, 39 Ann. 403.

Hence, in the instant case, the statute must be construed, under the plea interposed as, and held to be an impassable barrier, which eliminates the very right of the court to investigate or consider the grounds of alleged nullity in the tax sale.

We, therefore, conclude that the judgment in favor of Monlezun must be affirmed, and the judgments rendered against Brandt and Salles respectively, are manifestly erroneous.

It is, therefore, ordered, adjudged and decreed, that the judgment rendered below, against William Brandt and against L. E. Salles, be each annulled, avoided and reversed, and that there be judgments in favor of each of said parties rejecting plaintiff's demand against them and dismissing his action at his cost in both courts, and it is ordered that the judgment in favor of the defendant, Monlezun, be affirmed with costs.