# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## OCTOBER TERM, 1888.

---

R. H. Jamison *v.* E. W. Thompson et al.

REDEMPTION. *Of land sold for taxes. Enures to benefit of real owner. Sec. 531, Code, 1880.*

A redemption of land sold for taxes, under Section 531, Code of 1880, which provides that "the owner of such land, or any person for him, may redeem the same" within a year from the date of the sale for taxes, enures to the benefit of the real owner of the land; and the effect is the same though the redemption be not by the real owner, but by one acting for himself upon an adverse claim of title.

APPEAL from the Chancery Court of Lauderdale County.

HON. SYLVANUS EVANS, Chancellor.

The bill in this case, filed on the 1st day of ˙June, 1888, by R. H. Jamison against E. M. Thompson and R. M. Bordeaux, states that, on the 1st day of March, 1886, the defendant Bordeaux, as sheriff and tax-collector, sold certain town lots in the city of Meridian and county of Lauderdale, for delinquent taxes of the years 1885 and 1886 ; and "that, at said sale, L. A. Ragsdale became the purchaser of said lots ; and that the said R. M.. Bordeaux made out and executed to the said L. A. Ragsdale a

516

deed of conveyance to said lots, and filed the same in the office of the chancery clerk of said county, as required by law; that the said L. A. Ragsdale failing to pay the taxes for the years 1886 and 1887 on said lots, the same were, on the 7th of March, 1887, sold by the said R. M. Bordeaux, sheriff and tax collector aforesaid, for said delinquent taxes; and at said sale your complainant became the purchaser thereof, and said sheriff and tax-collector made and executed to your complainant a deed of conveyance to said lots, and filed the same in the office of the chancery clerk aforesaid, as required by law; that one E. W. Thompson, claiming to have been the original owner of said lots, on the 21st day of December, 1887, applied to the chancery clerk of said county to redeem said lots, and said clerk, on said date, received from the said E. W. Thompson the redemption price of said lots, and made an entry on the book containing a list of the lands sold for taxes, that the said E. W. Thompson had redeemed said lots, and at the same time delivered to the said E. W. Thompson the deed of conveyance of said lots made to your complainant by the said sheriff and tax collector; that the said E. W. Thompson, from the first of said sales, on the 1st day of March, 1886, made no effort to redeem said lots until long after her right so to do had expired, and the action of said clerk in allowing and making said redemption of said lots, and delivering to the said E. W. Thompson complainant's deed to the same, was illegal and without authority, and the complainant is now the real owner of said lots; and that complainant is now ready and willing to refund to the said E. W. Thompson all moneys paid by him for said pretended redemption of said lots."

The prayer of the bill is that the court " will make a decree cancelling said pretended redemption of said lots by said E. W. Thompson, as a cloud upon complainant's title, and that the said R. M. Bordeaux, sheriff and tax collector aforesaid, when your complainant shall have paid to the proper officer of this court all moneys that the said E. W. Thompson has expended to make said pretended redemption of said lots, make and execute to complainant a deed of conveyance of said lots, of the same date, tenor and effect of the deed to said lots delivered to the

said E. W. Thompson by the clerk of the Chancery Court aforesaid," etc.

The defendants demurred to the bill on several grounds, the fourth of which was that, "The facts averred in the bill show a legal redemption of said land from the sale of 1887, and that whatever title complainant may have acquired by his purchase at said sale was divested by said redemption." The demurrer was sustained on the ground set out, and the bill dismissed. Thereupon the complainant appealed.

*Cochran & Cochran*, for the appellant.

1. The vital question, and the question which underlies the whole controversy, is, in whom was the title to this property vested on the second day of March, 1887, the day on which the defendant's right to redeem expired under the statute. It is astonishing to us how any species of mental gymnastics could place the title in any one at that time except the owner, who was Ragsdale.

By his purchase he got the legal title to the lots, and when the defendant failed to redeem within the time specified by law, the equitable title was merged into the legal title. Ragsdale's deed was executed when he made the purchase, and was delivered to him on the 2d day of March, 1887, or was on file for him in the office of the chancery clerk, which was the same in legal effect.

2. If Ragsdale was the owner of the lots when complainant purchased them for the taxes of 1886, then the defendant had no interest in the property, either legal or equitable. There can be no escape from the above conclusion. If the defendant had no interest in the lots, then his position was that of a total stranger, and we submit it as an indisputable proposition of law that he had no right to make redemption. *O'Day* v. *Bowker*, 9 North- eastern Reporter, 16; *Bradford* v. *Walker*, 5 S. W. Rep., 555; *Reeves* v. *Bremer Co.*, 34 N. W. Rep., 794; *Mood* v. *Welpton*, 29 F. Rep., 405; *Eaton* v. *North*, 25 Wis., 514; *Cousins* v. *Allen*, 28 Wis., 332; *Meredith* v. *Phelps et al.*, 21 N. W. Rep., 156; *Byington* v. *Bookwalter*, 74 Am. Dec., 279; *M'Bride* v. *Hoey*, 2 Watts, 436; *Penn Clemens*, 19 Iowa, 372.

3. Section 531 of the Code of 1880 provides that the owner

or any person for him may redeem within the time specified. The only rational construction, the expression, " or any person for him," could receive, would be to limit it to a person having an interest in the land, or to a person authorized by the owner to make redemption. To enlarge the expression so as to include a person not having an interest in the land, nor authorized by the owner, would make tax sales a farce and a sham, too ridiculous to be tolerated in an enlightened community.

*S. B. Watts*, for the appellees.

The only question to be considered on this appeal is, did Thompson's redemption of the land, December 21st, 1887, from the sale of March 7th, 1887, divest the title of Jamison?

I contend that it did.

In the first place, I contend that Thompson was the " owner " in the sense of Section 531, Code, notwithstanding the title of Ragsdale acquired under the purchase of March 1st, 1886. A statute giving the right to redeem to the " owner " will be construed to embrace the original owner, notwithstanding there is an outstanding tax title. *Lancaster* v. *County Auditor*, 2 Dillon, 478.

In the second place, if it should be held that Thompson's redemption, as " owner," did not revest the title in himself, it revested the title in the person to whom the land belonged, for it is provided that not only the " owner," but " any person for him " may redeem the land. Code 531.

COOPER, J., delivered the opinion of the Court.

The right of complainant to the land in controversy never became consummate because of the redemption by Thompson, who claimed to be the owner thereof. It is not competent for complainant to draw into controversy the validity of the title of the redemptionist, nor can he defeat the effect of the redemption by showing an outstanding paramount title. The statute declares that when lands have been sold for taxes " the owner of such land, or any person for him, may redeem the same " within a year from the date of the sale for taxes upon payment of the bid of the purchaser and certain damages, Code 531. The redemption by Thompson prevented the inchoate right of com-

plainant from ripening into title by lapse of time. Whether Thompson or Ragsdale was the real owner is not material since the redemption was for the benefit of the owner whoever he may be.                                    *The decree is affirmed.*