(No. 2195. Dec. 9, 1918.)
## WILSON v. MATSON, County Treasurer, et al.

### SYLLABUS BY THE COURT.

1. Certificates of sale, issued in connection with all tax sales, or duplicate tax certificates, are subject to a right of redemption in the owner within three years, subject to statutory conditions, and until the redemption period has expired, the taxes for the time during which the certificate, or duplicate certificate, shall be held by the county, or purchaser, shall be a lien upon the property until paid.          P. 70

2. Under the statutes of this state a tax certificate does not pass title.          P. 73

Appeal from District Court, Bernalillo County; Reynolds, Judge.

Action for injunction by John W. Wilson against O. A. Matson, as Treasurer and ex-officio Collector of the County of Bernalillo, N. M., and Susie P. Bryan. Defendants' demurrers to the amended complaint sustained, and judgment for defendants, dismissing the complaint and dissolving a temporary restraining order, and plaintiff appeals. Affirmed.

GEORGE S. KLOCK, of Albuquerque, for appellant.

Suffering property to be sold for delinquent taxes of one year extinguished right and title of tax purchaser of former year.

Sec. 5482 Code 1915; Secs. 5493, 5498, 5500, Code 1915; C. 78, L. 1015; Sec. 5506; Code 1915; Black on Tax Titles, Sec. 419; Terrell v. Wheeler, 123 N. Y. 84; Anderson v. Rider, 46 Cal. 138; Dougherty v. Henarie, 47 Cal. 9; Chandler v. Bunn, 50 Cal. 15; Langley v. Chapin, 1344 Mass. 82; Robbins v. Barron, 32 Mich. 36; Preston v. Van Gorder, 31 Iowa, 250 Fager v. Campbell, 5 Watts R. (pa.) 287; Sayles v. Davis, 22 Wis. 217; Irwin v. Trego, 22 a. St. 369; Phillips v. Wilmarth, 98 Iowa 32; Debenture Co. v. Scott, 106 Minn. 32; Emery v. Boston T. Co. 178 Mass. 172, 184; Cooley On Tax. (Vol. 2) 960; Sanders v. Yonkers, 63 N. Y. 489.

E. W. DOBSON, GEORGE C. TAYLOR and GEORGE R. CRAIG, District Attorney, all of Albuquerque, for appellees.

It has been repeatedly held that a certificate of sale given to a tax purchaser conveys no title and is not even color of title.

27 Am. & Eng. Encyc. (2nd) 844 and cases cited; Black on Tax Titles, p. 643; Osterman v. Baldwin, 18 L. Ed. 730-32; O'Mulcahy v. Florer, 27 Minn. 449, 8 N. W. Rep. 166; McKeighan v. Hopkins, 14 Neb. 361, 15 N. W. 711; Bride v. Watt, 23 Itt. 507 (renumbered 455.); Hiltcher v. Jones (N. M.) recently decided.

## STATEMENT OF FACTS.

This is an action to restrain the defendant O. A. Matson, as treasurer and ex-officio collector of the county of Bernalillo, from the execution, acknowledgment, and delivery to the defendant Susie P. Bryan, or her grantees or assigns, a tax deed to certain real estate and property described in the complaint, under an alleged sale of such real estate and property by the treasurer for delinquent taxes thereon for the years 1912 and 1913, and further seeking to restrain the defendant Susie P. Bryan from asking, demanding, or receiving from the treasurer of said county any tax deed to the premises described in the complaint upon any tax certificate showing the sale for delinquent taxes of said premises for said years; the complaint further praying that plaintiff's right or title to such property be adjudged superior to that of defendant Susie P. Bryan, and superior to that of any other person other than defendant Lucy Wallace, who as owner of the property has the right of redemption from such tax sale, and further praying that the defendant Susie P. Bryan be adjudged to have no right of redemption of such real estate and property from the sale made thereof to the plaintiff for taxes unpaid and delinquent and levied and assessed thereon for the year 1914.

From the facts, which are undisputed, it appears that on October 15, 1913, lots 11 and 12, in block 43, of the Huning Highland addition to Albuquerque, then owned by and returned for taxation by one Lucy Wallace, were sold to the county of Bernalillo for the nonpayment of taxes for the year 1912. Duplicate tax certificate therefor was subsequently assigned to the appellee Susie P. Bryan, and by her duly recorded on January 23, 1914. On October 15, 1914, said property, still assessed in the name of Lucy Wallace, was again sold for the nonpayment of taxes for the year 1913, and was purchased by said Susie P. Bryan, her certificate of sale being duly recorded on October 19, 1914. Taxes for 1914 assessed against said lots and against Lucy Wallace, the then

owner, became delinquent, and on September 15, 1915, said property was duly sold, at which time the plaintiff, appellant here, John W. Wilson, became the purchaser, receiving tax certificate therefor. For the years 1915 and 1916 the property continued to be assessed in the name of Lucy Wallace, and it is alleged by the complaint that the appellant, John W. Wilson, paid said taxes for the years referred to before the same became delinquent.

The complaint in this case was filed on January 6, 1917, setting out substantially the foregoing facts, and alleging that, unless enjoined, the defendant Susie P. Bryan would, on January 22, 1917, three years after the recording of her first certificate of sale, which she had acquired from the county, demand a deed to such property from the defendant Matson, county treasurer and ex officio collector.

The said Lucy Wallace, owner of the property, was made a party defendant, but was not served and did not enter a voluntary appearance. The trial court granted a temporary restraining order and an order to show cause on January 29, 1917. A demurrer to the complaint by the appellee Bryan was sustained, and plaintiff elected to amend, to which amendatory complaint the defendant Matson filed an answer, which was subsequently withdrawn and a demurrer interposed. The defendant Susie P. Bryan likewise demurred to such amended complaint, both demurrers being sustained by the trial court. The plaintiff declining to further plead, final judgment was entered, dismissing the complaint and dissolving the temporary restraining order, from which judgment this appeal was taken.

OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above.)

[1]  The only point in this case seriously urged by appellant is that the failure of the appellee Bryan to pay the taxes levied and assessed against the property in question for the year 1914, resulting in the sale of said

property for delinquent taxes for said year, extinguished the right to title acquired by the said appellee Susie P. Bryan, through her purchase of the duplicate tax certificate for the years 1912 and 1913. Quoting from appellant's brief, this contention is ''that any subsequent sale for taxes extinguishes all liens for sales of property for delinquent taxes made in prior years, except in those cases where the property sold is purchased by the county.'' It is argued that the object of the statute is to preserve the lien of the county when the property is struck off to it upon a tax sale thereof, and that notwithstanding the same property may be sold for delinquent taxes for a subsequent year, and that the lien acquired by an individual who purchased at a tax sale, or who thereafter purchased the certificate issued when the property is struck off to the county, does not acquire a permanent or continuing lien upon the property sold unless such purchaser pays the taxes levied and assessed against the property for the subsequent year or years.

With this contention of appellant we cannot agree. Appellant has clearly overlooked or failed to give adequate force to certain definite statutory provisions, as the same appear in our statutes upon the subject. By section 5500, Code 1915, it is provided that when any property shall be struck off to the county, it shall be the duty of the county treasurer to sell and assign the duplicate certificate of such sale to any person who will at any time pay the full value thereof, with accrued interest. By chapter 78, Laws of 1915, section 5502 of the Code of 1915 was amended, among other things, providing as follows:

"Real estate sold for taxes, whether struck off to the county or to others, shall continue' to be assessed in the name of the original owner, or to unknown owners, as the case may be, until the redemption period shall have expired, and taxes thereon for the time during which said certificate or duplicate certificate shall be held by the county or a purchaser shall be a lien upon said property until paid."

The amendatory act of 1915 (chapter 78), referred to, further provides that the certificate of sale is subject to

the right of the owner to redeem the property within
three years by paying the amount paid at such sale, with
interest thereon, at the rate of 1 per cent. per month,
and that such former owner may, at any time within said
period of three years from the date of such certificate,
redeem the property by paying the amount of purchase
money, with interest thereon at said rate, together with
any taxes which may have been paid upon the property
by the purchaser or his assigns, with interest at the same
rate, and that such former owner may retain possession
of the property until the time of redemption has expired.
By the provisions of the statutes referred to, it is clearly
apparent that the certificate of sale which should be
issued in connection with all tax sales, or duplicate cer-
tificates, are subject to a right of redemption in the own-
er within three years upon the conditions specified by the
statute, and until the redemption period has expired the
taxes for the time during which such certificate or dupli-
cate certificates, are subject to a right of redemption in
the owner within three years upon the conditions speci-
fied by the statute, and until the redemption period has
expired the taxes for the time during which such certifi-
cate or duplicate certificate shall be held by the county,
or purchaser, shall be a lien upon the property until
paid.   This is a clear statutory expression, contrary to
the contention of appellant that the lien imposed on the
property from year to year becomes a paramount lien
without regard to any pre-existing lien.   Should the
holder of a second or subsequent certificate secure a tax
deed before the holder of the prior certificate secured
such deed, the contention of appellant might be correct,
but we are not called upon to pass upon that question in
the instant case.

It is apparent that the trial court, in sustaining the
demurrers to the complaint, must necessarily have held
that the appellant had no title or color of title sufficient
to give the court jurisdiction to enjoin the alleged placing
of a cloud upon his title, if any he had.   It has been held
that the statutes regulating tax sales usually require as
an essential of the sales a proper certificate of sale to be

executed at the time of the sale, or within a reasonable time thereafter, which must recite the fact of sale, the name of the purchaser, etc., as well as a description of the property sufficient to identify the premises, and such other matters as the particular statute may describe, and that the effect of the certificate is not to pass title to the land, but simply to place in the hands of the purchaser evidence that he is entitled to the execution of a deed, or to receive the money necessary to effect redemption.

[2] In the case of Keller v. Hawk, 19 Okl. 407, 91 Pac. 778, it was held that:

"A tax certificate, under the law, does not pass title to the land sold. It is a written certification by the county treasurer of the facts regarding the sale of real estate for taxes, and is the legal evidence upon which the holder thereof is, at the proper time, entitled to a deed, or to the redemption money."

To the same effect is the holding in the case of Kohle v. Hobson, 215 Mo. 213, 114 S. W. 952.

It is our opinion that under the statutes of this state a tax certificate does not pass title. See, also, Black on Tax Titles, § 504.

Appellant's contention is evidently based upon the assumption that his acquisition of the later tax certificate under the tax sale for taxes assessed against the property in 1914, coupled with his payment of taxes assessed against the property for subsequent years, gave him a title superior and paramount to all other titles or liens, and cut off all prior liens. We are of the opinion that his error in this connection is due to the fact that he has assumed that he acquired a title by his tax certificate in connection with the delinquent tax sale for the year 1914. He did not in fact acquire a title to the property in question, but a tax lien thereon. In conclusion we would point out that the tax sales under which appellee claims were had prior to the amendatory act of 1915 (chapter 78). This act, however, did not change the provisions of section 5502, Code 1915, in the matter

of the lien created, and the rights of the appellee Bryan in this respect were fully protected under section 5502, in effect at the time of the tax sales in question.

It necessarily follows that the appellant is in error in his contention, and that the judgment of the trial court was correct, which judgment is therefore affirmed; and it is so ordered.

PARKER and ROBERTS, J.J., concur.

### SYLLABUS BY THE COURT.