## SUNDERMAN INVESTMENT COMPANY v. A. N. CRAIGHEAD AND OTHERS.[1]

### July 18, 1919.

### No. 21,247.

**Who may redeem from tax sale.**

1. The statute gives the right to redeem from a tax sale to "any person claiming an interest" in the land, and any person who in good faith claims an interest therein which would be cut off by the tax title may protect such interest by redeeming from the sale.

**Taxation — sale annulled by redemption.**

2. A redemption merely annuls the sale.

**Same — defendant entitled to redeem.**

3. Defendant Craighead, having occupied the land in question for more than 20 years, had a sufficient basis for his claim to entitle him to make the redemption in controversy, although his fence had been removed several years before the redemption and he was not then in actual possession.

Action in the district court for Ramsey county to cancel and annul redemptions from certain tax sales and the record thereof. In his separate answer defendant Craighead alleged that he had been in open and notorious possession of the premises for 20 years. The case was tried before Hanft, J., who found that as against plaintiff defendant Craighead had an interest in the plot involved which entitled him to redeem within the time and in the manner prescribed by law, which he

[1]Reported in 173 N. W. 653.

had done, and ordered judgment in his favor. From an order denying plaintiff's motion to amend the findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*Allen & Straight,* for appellant.

*Harry S. Locke,* for respondent Craighead.

*Richard D. O'Brien* and *Harry H. Peterson,* for other respondents.

TAYLOR, C.

Two parcels of land lying in the western part of the city of St. Paul were bid in for the state for the taxes of 1912 at the tax sale held on May 11, 1914. In May, 1917, plaintiff acquired tax assignment certificates issued pursuant to this tax sale, and caused notices of the expiration of the time for redemption to be issued, and to be served on defendant Craighead and others. Defendant Craighead redeemed and received the usual certificates of redemption. Thereafter plaintiff brought this action to cancel and annul these redemptions and the record thereof, alleging as the ground therefor that Craighead had no interest in the land and no right to redeem from the tax sales. The court made findings of fact to the effect that Craighead had an interest in the land which entitled him to make the redemptions, and directed judgment in his favor. Plaintiff appeared from an order denying a new trial.

The only question presented is whether the evidence justifies the conclusion of the trial court that Craighead had sufficient interest in the property to entitle him to make the redemption.

The statute[1] provides: "Any person claiming an interest in any parcel of land sold for taxes * * * may redeem the same within the time and in the manner in this chapter provided."

The tax purchaser makes his purchase subject to this right of redemption, and if it be exercised receives back his money with double the legal rate of interest. This sufficiently protects his rights. The redemption creates no rights in the land. It merely annuls the tax sale and leaves the title as if the sale had not been made. The statute gives the right to redeem to "any person claiming an interest" in the land. As the statute does not limit the right to redeem to those having an interest in the land, but extends it to all those "claiming an interest"

[1][G. S. 1913, § 2137].

therein, any person, who in good faith claims an interest in the land which would be cut off by the tax title, may protect such interest by redeeming from the sale. While the redemptioner must doubtless have sufficient grounds for his claim to justify him in believing that he has an interest in the land, yet, as the statute gives the right to redeem. to "any person *claiming* an interest," the holder of the tax certificate cannot defeat the redemption by merely showing that the asserted claim is invalid as against some third party. Where a claimant redeems to prevent his claim from being cut off by the tax title, the court cannot annul the redemption, unless it be shown that the claim is so devoid of merit as to warrant the conclusion that it was not made in good faith. The right to redeem is given and regulated by statute, and owing to the diversity of statutes the decisions of other courts are seldom directly in point, but the following consider somewhat similar questions: Foster v. Bowman, 55 Iowa, 237, 7 N. W. 513; Campbell v. Packard, 61 Wis. 88, 20 N. W. 672; Roach v. State, 148 Ala. 419, 39 South. 685; Jamison v. Thompson, 65 Miss. 516, 5 South. 107; and see State v. McDonald, 26 Minn. 145, 1 N. W. 832.

The facts on which Craighead bases his claim are practically undisputed. Blair street runs east and west through the western part of the city of St. Paul. Craighead purchased a lot on the south side of this street on which he established his residence in the spring of 1890. At that time the land adjoining his property on the east and south was wholly unoccupied and covered with brush and timber. He built a fence so as to inclose several acres of this land and used it as a pasture for more than 20 years. The court found that his possession was at all times hostile to the true owner. In course of time the land lying south of Blair street and east of Craighead's original lot was platted into building lots—one tract as Little and Hoyt's Addition, another as Paul Martin's Grove Addition, and others as other additions. About 1911, the city began opening and grading the streets through these additions and before the end of the following year had removed Craighead's pasture fence, or at least those parts of it within the street lines. People began buying lots in those additions and they are now well filled with dwellings. Craighead claimed title by adverse possession to the land which had been included within his inclosure, and relinquished his claim

to a dozen or more of the lots by executing quitclaim deeds to the hold-ers of the original title. He had controversies with others who refused to recognize his claim, but seems not to have carried these controversies to the point of engaging in actual litigation.

Little and Hoyt's Addition comprises a strip of land 65.5 feet in width extending from Blair street south to Thomas street. Craighead's original lot forms a part of its western boundary. Paul Martin's Grove Addition lies east of Little and Hoyt's Addition. Through some error in surveying or platting, there is a strip of land 22 feet in width be-tween these two additions not included in either. This omitted strip is the land which gives rise to the present controversy. The greater part of this strip was included within Craighead's fence and the re-mainder was used as a part of his yard. So far as appears he is the only person asserting title to it. In 1912 the taxing officials discovered that, owing to the error in the survey, this land had not previously been taxed, and assessed against it the taxes now in controversy. Apparent-ly the holder of the original title has never been in actual possession of this strip and is not asserting a right to the possession of it. He is not a party to this action. Whether as against him Craighead has or has not a valid interest in the land, we are of opinion that there was a suffi-cient basis for Craighead's claim to entitle him to redeem from the tax sales.

Order affirmed.