## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### FEBRUARY TERM, 1927.

ABSECON LAND COMPANY

*v.*

JAMES KEERNES et al.

[Decided May 16h, 1927.]

1. A holder of a tax sale certificate has a lien upon the premises which entitles him to redeem from the holder of a similar certificate issued to the purchaser of the property at a subsequent sale until his right of redemption is extinguished by due process of law.

2. The tender by a holder of a subsequent tax certificate, either directly or through the tax collector, of the amount due on a prior tax certificate does not operate to destroy the right of redemption vested by the statute in the holder of the prior certificate.

3. The right to redeem under a tax certificate is not barred by suit in chancery, brought by the holder of a subsequent tax certificate to foreclose the equity of redemption, until the amount due to the holder of such subsequent certificate under his lien is communicated to the holder of the earlier tax certificate, or is ascertained by the court, and a reasonable opportunity afforded thereafter to the latter to pay that amount when so communicated or ascertained.

---

On appeal from a decree of the court of chancery.

227

*Messrs. Stamler, Stamler & Koestler,* for the appellant Karl Schaffer.

*Mr. Henry W. Lewis,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal from a decree entered in a foreclosure suit, instituted by the Absecon Land Company, the present respondent, and the holder by assignment of a tax sale certificate embracing certain lands in Ventnor City. The sale was made by the municipality in the year 1918 to satisfy unpaid taxes which had been theretofore levied upon said lands. The property was struck off to the municipality as the highest bidder therefor, and the usual tax sale certificate was issued to it. In January, 1922, it assigned this tax sale certificate to the complainant, and the present bill was filed for the purpose of obtaining the relief afforded to the holder of such a certificate by the forty-ninth section of the Revised Tax act of 1918. *P. L. 1918 p. 883.* This section provides that the purchaser at a tax sale, or his assigns, at any time after the expiration of two years, whether or not notice to redeem has been given to the owner, mortgagee, occupant or other person having an interest in the lands, may file a bill in equity to foreclose the right of redemption; the right to redeem, however, to exist and continue until barred by the decree of the court of chancery entered in the suit. The parties made defendant were James Keernes, the owner of the land; Ida Gage and Richard T. Bowen, who, respectively, hold mortgages thereon; and Karl Schaffer, who had purchased the property at tax sales, had in the years 1915 and 1916, and who had received the usual tax sale certificates from the municipal authorities. The latter alone answered the bill; and in his answer offered to pay the complainant the amount found by the court to be due to it, in redemption of its tax lien.

At the hearing of the cause it was shown that the respondent, the Absecon Land Company, some months subsequent to

the filing of the bill of complaint, gave to the tax collector of Ventnor City its check for the amount of money which Schaffer would have been entitled to receive from the owner of the property, or from any other person entitled to redeem the same from his claim; its purposes in doing so being to wipe out any interest which Schaffer might have in the lands which were the subject of the tax sales. It was further shown that the collector tendered this check to Schaffer; that the latter refused to accept it, and that the collector notified the respondent of such refusal. Schaffer admitted these facts, but contended that his lien could not be extinguished in this way by the complainant, and again tendered himself ready to redeem the property from the respondent's tax lien upon the determination by the court of the amount required to be paid to accomplish such redemption. The hearing resulted in a decree adjudging that the owner, the several mortgagees and Schaffer be foreclosed of and from all right and equity of redemption in the lands which are the subject of the present litigation, no ascertainment of the amount due the complainant being had, and no opportunity being afforded Schaffer to redeem the property from the former's lien. From that portion of the decree foreclosing his equity of redemption Schaffer has taken an appeal, and the only questions argued before us are (1) whether the holder of a tax sale certificate has a lien upon the premises which entitles him to redeem from the holder of a similar certificate issued to the purchaser of the property at a subsequent sale. (2) If he has that right, then whether it can be extinguished by a legal tender made to him by the holder of such subsequent certificate of the amount due to him under his lien. (3). If it cannot, then whether that right may be exercised at any time prior to entry of final decree.

That a tax, assessed by a municipality upon lands lying within its territorial limits, constitutes a lien upon such lands when it is not paid within the time limit fixed by the Tax act is, of course, conceded. Not only is it a lien, but, under the statute, it is paramount to all other encumbrances except subsequent municipal tax liens. And, if the municipality, for the purpose of enforcing such lien, sells the lands upon

which the tax has been assessed, the lien· passes, with the title, to the purchaser.   This was the provision of our Tax law at the time of the issuing of the tax sale certificates to the appellant Schaffer (*Revised Tax act* of 1903, section 49; *Comp. Stat. p. 5130*) ; and the rights which he then acquired were not affected by the latter revision of 1918.   See section 61 thereof, *P. L. p. 900.*   The lien which thus passes to the purchaser ·is not extinguished by the imposition upon the property of a subsequent tax lien, but is only deprived thereby of its paramount character.   Is the holder of such a lien, then, entitled to redeem as against the holder of a subsequent tax lien?   Section 37 of the Revision of 1918 provides that ·the owner, mortgagee, occupant, "or other persons having an interest in lands sold for municipal liens," may redeem the same at any time before the right to do has been cut off.   The destruction of this right of redemption, by the holder of a lien for taxes subsequently assessed, may be accomplished under the statute in either of two ways;  by his giving notice to them that their right of redemption will be barred unless it is exercised within six months after the service of such notice (Revision of 1918, section 46), or by following the procedure indicated by section 49 of the Revision of 1918, and adopted by the respondent in the present case.   While holders of liens for taxes previously assessed are not specifically mentioned as among those who are vested with the right of redemption, they are among the persons indicated in the statute by the words, "or having an interest in the lands," &c.   This is made plain by section 39 thereof, which declares that "where the redemption is made by a mortgagee, or other person *having a lien* or interest in or on said land," the person so redeeming shall succeed to the municipal lien paid by him.

Our consideration of the first question argued leads us to the conclusion that, under the statutory provisions above referred to, the appellant became the holder of liens upon the premises embraced in his tax certificates by his purchases at the tax sales of 1915 and 1916;  that, as such holder, he was entitled to redeem as against subsequent tax liens until

his right of redemption was extinguished by due process of law.

What has already been stated is dispositive of the second question also; namely, whether the holder of a paramount municipal tax lien can destroy the right of redemption vested by the statute in the holder of another municipal lien, which is second in order of priority, by a tender to the latter, or to the tax collector of the municipality, of the moneys due to the latter upon the lien held by him. The respective rights of the holders of such municipal liens arise solely out of and are fixed and determined by the Tax act. By its provisions the holder of the tax lien which has lost its priority may redeem the lands from the paramount tax lien by paying the amount due thereon; and this he may do at any time during the existence of his right of redemption. On the other hand, the statute confers upon the holder of the paramount tax lien the power of putting an end to the former's right of redemption; but this power can only be exercised by his following one or the other of the courses indicated by the legislature. Whenever a statute limits a thing to be done in a specified way, it necessarily includes in itself a negative; namely, that the thing shall not be done otherwise. *Expressio unius est exclusio alterius.* 25 *Corp. Jur.,220.* The tender, therefore, by the respondent to the appellant, either directly or through the tax collector, of the amount due upon his tax lien did not operate to destroy the right of redemption vested in the latter by the statute.

Our consideration of the third question argued leads us to the conclusion that the appellant's right of redemption was not terminated by the institution, and prosecution to final hearing, of the present suit. By the express language of the statute—heretofore recited—that right existed and continued until barred by a final decree entered in due course. Before its entry he was entitled, under the statute, to have the amount due upon the respondent's lien ascertained by the court; and a reasonable opportunity thereafter afforded him of fulfilling his promise, made at the hearing, to pay that amount when so ascertained.

The decree under review was made in total disregard of that right, and, consequently, must be reversed.

*For affirmance*—BLACK, J.  1.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.  12.