In a foreclosure of a tax lien suit two petitioners ask permission to be made parties defendant so as to be allowed to redeem.
Complainant sues to foreclose a lien under a tax sale certificate of 1929. He named only the record owners of the premises as parties defendant and they have defaulted. One of the petitioners, Louisa Buckley, has been in possession of the premises for some twenty years and is also the holder of a tax sale certificate dated 1913, which, however, was not recorded until 1931. The other petitioner is the holder of a mortgage, executed by the successor in title of a purchaser of the premises under a tax sale held in 1882, who acquired under that sale a right of possession for thirty years.
It is contended on behalf of the complainant that neither of these petitioners have any standing in court. It is argued that Louisa Buckley has no rights because she failed to record her tax sale certificate within the three months required by section 35 of the tax law of 1918. This provides that unless the certificate is recorded as a mortgage within three months from the date of the sale, it shall be void against any bona fide purchaser. It is further argued that the mortgagee has no standing because the mortgage can only apply to the thirty-year term which has expired, and that he stands in the place of a mere trespasser.
The lien of each successive year's tax is paramount to every other preceding right including tax liens for prior years, but the lien for a particular year does not destroy the right to redeem of those interested in the property by prior tax sale or otherwise. Absecon Land Co. v. Keernes, 101 N.J. Eq. 227. The rights of a tax lien owner are strictly construed as against those interested in the property and the right of redemption is liberally construed. Ruddy v. Woodbridge, 47 N.J. Law 142.
It is not necessary to pass upon the question as to whether section 35 of the tax law completely voids the rights under the tax certificate of 1913, because of failure to record it within the three months, or whether the statute is to be construed *Page 150 
merely as a recording act, so that the complainant would be given constructive notice of the rights of Louisa Buckley by reason of her possession of the premises, under the doctrine of LaCombe
v. Headley, 91 N.J. Eq. 63. Nor is it necessary to determine whether the mortgagee derives rights only through the title of a mere trespasser. The right of both petitioners to intervene and redeem seems to be settled by section 37 of the Tax act of 1918, which provides that the owner, mortgagee, occupant or other person having an interest in lands sold for municipal lien may redeem. It would seem that Louisa Buckley, having been in possession for many years, is an occupant, and that the mortgagee by like reasoning claims title under a conveyance from the same source. It would further seem that under a broad construction of the statute, both the petitioners are persons having an interest in the premises.
The application for leave to be made parties defendant will be granted.