102 P.2d 1115

COX v. SHIPE, Intervener.

No. 4526.

Supreme Court of New Mexico.

June 12, 1940.

Rehearing Denied July 22, 1940.

R. R. Posey, of Las Cruces, for appellant.

R. C. Garland, of Las Cruces, for appellee.

SADLER, Justice.

The question for decision is whether the holder of a tax sale certificate issued under authority of L. 1934, Sp.Sess. c. 27, for delinquency in the payment of taxes for a given year, is such a person as is authorized under § 14 of said act to redeem the property involved from a sale of such property for taxes of another year.

The facts are these. On December 11, 1936, certain real estate was sold to Dona Ana County for delinquency in payment of the 1935 taxes. On July 1, 1938, the county assigned the tax sale certificate to the

plaintiff. Prior to the last mentioned date and on December 9, 1937, the property was sold to the intervener herein for delinquency in payment of the 1936 taxes. He was the purchaser at the tax sale. On December 9, 1938, two days before expiration of the period of redemption from the sale for the 1935 taxes, the intervener tendered to the county treasurer the amount necessary to redeem the certificate held by plaintiff. The county treasurer received the amount tendered and issued to intervener a certificate of redemption.

Thereafter, on December 11, 1938, and again on January 7, 1939, the plaintiff tendered to the county treasurer all taxes plus interest and penalties due on said real estate which had accrued subsequent to the issuance of the tax sale certificate held by him. On each occasion, he demanded a tax deed to the land. The treasurer declined the tender and refused to issue a tax deed, assigning as his reason the issuance to intervener of a certificate of redemption on December 9, 1938, two days prior to the time when plaintiff's right to a deed otherwise normally would have matured. Neither plaintiff nor intervener had any relation to the property except such as arose from ownership of their respective tax sale certificates.

█ Upon these facts, the trial court held in effect that the intervener was not entitled to redeem and that plaintiff was entitled to a tax deed. It sustained a demurrer to the petition of intervention considered amended by stipulation to allege the facts recited. The defendant, county treasurer, had previously joined in the stipulation. Without pleading further and within twenty days from entry of the order sustaining the demurrer the intervener appealed therefrom; and, under the authority of Roeske v. Lamb, 38 N.M. 309, 32 P.2d 257, and Farmers Oil Co. v. State Tax Commission, 41 N.M. 693, 73 P.2d 816, the appeal will be entertained as one prosecuted under Supreme Court Rule II, § 2.

█ We think the trial court erred. Under L. 1934 Sp.Sess. c. 27, § 14, the right of redemption may be exercised by the owner of the property sold or "by any person having a legal or *equitable right* therein". (Italics ours.) The holder of a tax sale certificate on a particular parcel of real estate not only has the right to pay taxes for other years delinquent on the property but is compelled to do so as a condition precedent to his right to receive a tax deed. This is stated in the form of certificate prescribed in section 7 of the act, the reverse side of which contains a form for endorsing thereon tax payments made by the holder. Section 14 bottoms the right of redemption among other things upon the payment by the redemptioner of "all prior or subsequent taxes *paid by the purchaser of the certificate and/or his assignee* with like interest from the date such * * * payments were made". (Italics ours.)

█ Section 9 of the act declares the effect of the tax certificate as follows: "The tax sale certificate shall vest in the purchaser, his heirs, successors, and as-

signs, or the state and its successors and assigns, as the case may be, subject to the right of redemption as provided in this Act, the right to a complete title to the property described therein; provided that the purchaser shall not be entitled to the possession of said property until the period of redemption has expired and a deed has been executed therefor. The state shall be deemed a purchaser within the meaning of this Act."

This language, it is true, differs somewhat from that employed in other taxing acts declaring the certificate, when recorded, "shall vest in the purchaser, his heirs or assigns, or the county and its successors, a complete legal title to the property described therein, subject to redemption as provided by law". L. 1921, c. 133, § 442. See Witt v. Evans, 36 N.M. 365, 16 P.2d 60, for declaration of holder's interest under such a certificate. We need not determine whether the tax sale certificate authorized by the 1934 act confers a lesser right or interest (as for instance a lien only, Wilson v. Matson, 25 N.M. 67, 177 P. 746) than that given by the 1921 act. At the least, it evidences a lien in favor of the holder. So the legislature must have thought when in section 15 of the act (L. 1934, Sp.Sess., c. 27) it enacted that the endorsement of the fact, following redemption, on the duplicate certificate retained by the treasurer "shall be taken and deemed to be a complete release and discharge of the tax sale certificate *and of the lien on the property created thereby"*. (Italics ours.)

Without now attempting, therefore, to define the interest conferred by the certificate under L.1934, Sp.Sess., c. 27, it is enough to say that the holder thereof has an "equitable right" in the property described in it within the meaning of that phrase as employed in § 14 of the act. He is thus entitled to redeem.

Speaking of tax certificates generally the author of the text on the subject of Taxation in 61 C.J. 1022, § 1651, says that the certificate "does not create or pass title, nor does it entitle the holder to possession of the land, but is evidence of the purchaser's equitable title, and of the purchaser's lien until the time for redemption has expired," etc.

The statute clearly contemplates that the certificate holder may pay other taxes delinquent on the property. It compels it before he may receive a deed. We think we should do violence to the language of the controlling statute to declare the holder of a tax certificate does not have an equitable right in the property which entitles him to redeem. It is possible that another system of redemption would be more conducive to prompt collection of taxes. We do not intimate that such would be the case, stating this merely in response to forceful suggestions that our statute yields to a construction setting up a wiser system. We do not think so. Anyhow, it is a matter of policy for the legislature to determine. It has spoken and we can only declare its mandate as we clearly see it. It thus results that the holder of a tax sale

certificate for *any* year, issued under authority of the 1934 act, must promptly redeem from all outstanding certificates or else expose his own certificate to redemption by some rival holder of a certificate for another year's taxes.

In 61 C.J. 1245, at § 1690, the author states: "As a general rule any person may redeem land from a tax sale who has an interest in the property which would be affected by the maturing of the tax title in the purchaser."

 The right of redemption, of course, is controlled by the statute, a consideration which subjects decisions from other states to close scrutiny in determining their value. However, the statutes of some states in their designation of the persons who may redeem are enough like our own to render their decisions helpful. We cite the following decisions as persuasive of the correctness of the conclusion we have reached: Gamet's Estate v. Linder, 159 La. 658, 106 So. 22; Rogers v. City of Lynn, 200 Mass. 354, 86 N.E. 889; Jenney v. Tilden, 270 Mass. 92, 169 N.E. 669; McDougall v. Monlezun, 39 La.Ann. 1005, 3 So. 273; Sunderman Inv. Co. v. Craighead, 143 Minn. 286, 173 N.W. 653; Little River Drainage District v. Sheppard, 320 Mo. 341, 7 S.W.2d 1013; Absecon Land Co. v. Keernes, 101 N.J.Eq. 227, 137 A. 429; Van Roden v. Manso, 109 N.J.Eq. 148, 156 A. 317, affirmed, 115 N.J.Eq. 69, 169 A. 825; Scales v. Locke, 96 Okl. 226, 221 P. 737.

The order appealed from will be reversed and the cause remanded to the district court of Dona Ana County with instructions to overrule plaintiff's demurrer to the petition of intervention.

It is so ordered.

BICKLEY, C. J., and BRICE, ZINN, and MABRY, JJ., concur.