271 P.2d 823

**MORRIS v. ROSS et al.**

No. 5674.

Supreme Court of New Mexico.

June 14, 1954.

Harry L. Bigbee and Donnan Stephenson, Santa Fe, for appellants J. S. Covert and Ruth K. Covert.

Reese, McCormick, Lusk & Paine, Carlsbad, for appellee.

HENSLEY, District Judge.

Appellee, Henry H. Morris, as plaintiff filed his complaint in the District Court of Eddy County, New Mexico, seeking to quiet title to lands situate in the SW¼ of Section 23 and in the NW¼ of Section 26 in Township 19 South, Range 25 East, being described more particularly by metes and bounds. The defendants in the trial court requiring mention herein were Carl E. Ross, John C. Plott, Sally Plott, and the appellants, J. S. Covert and his wife, Ruth K. Covert. The defendants John C. Plott and Sally Plott made no appearance in the trial court, nor did they file any pleadings therein. The defendant Carl E. Ross filed an answer in the form of a general denial and thereafter did not appear in person, nor by an attorney. He does not appeal from the judgment adverse to him. The defendants J. S. Covert and Ruth K. Covert answered the complaint denying the plaintiff's title and admitting that they made claims adverse to the plaintiff. Further, the defendants J. S. Covert and Ruth K. Covert filed a cross-complaint alleging ownership of certain mineral interests, however, no testimony was offered by the defendants and at the conclusion of the plaintiff's case the cross complainants voluntarily moved to dismiss their cross complaint without prejudice. From a judgment quieting title in the plaintiff, Henry H. Morris, the defendants J. S. Covert and Ruth K. Covert prosecute this appeal. It is to be noted that the appellants sought no affirmative relief, but were only defending against the complaint seeking to quiet appellee's title.

The facts as found by the trial court may be summarized as follows: That on July 8, 1908, the plaintiff below, appellee herein, acquired the lands in controversy by warranty deed from the then owners of record. That on January 26, 1946, a Tax Sale Certificate was issued evidencing the

sale of the lands to the State of New Mexico for taxes for the year 1944. That the Tax Sale Certificate was assigned to Bruce K. Matlock. That John C. Plott, in whose name the property had been assessed in 1944, executed a quitclaim deed to J. S. Covert on March 2, 1946, and described therein the lands in this controversy. That on February 28, 1947, appellant, J. S. Covert, obtained a Certificate of Redemption of the Tax Sale Certificate, and on July 9, 1948, J. S. Covert and Ruth K. Covert executed a quitclaim deed describing the surface only of these lands in favor of the defendant Carl E. Ross.

The record further discloses the following undisputed facts: The appellee lived on the land between thirty and sixty days during the year 1910 and thereafter left New Mexico. He neither rendered the land for taxes nor paid the taxes due thereon from 1910 to 1950, both inclusive. It is likely that this part of the record caused the trial court to make the specific finding of fact that the plaintiff had abandoned the property for approximately forty years. From the foregoing the trial court concluded that the plaintiff-appellee was entitled to have his title to the lands established against the claims of the defendants.

The appellants rely upon twenty-eight assignments of error in their quest for relief and have grouped all of them under four points. The first proposition ad-vanced by the appellants is that the appellee was guilty of laches. Treatment of this question was thoroughly covered by this court in Patterson v. Hewitt, 11 N.M. 1, 66 P. 552, 556, 55 L.R.A. 658 and by the authorities therein cited. There we said, " * * * it will be found that each case must be determined upon its own circumstances; that the courts have frequently held that no ironclad rule can be laid down applicable to all cases, but that the circumstances of each case must determine the application of the law of laches as the equities are shown by the evidence. The reported cases show that, while the lapse of time is one of the elements to be considered in applying laches to stale claims, it is only one, and that it is not ordinarily the controlling or most important one to be considered by the court in applying laches as a defense in equity." The elements which in combination must be proved by the one setting up the defense of laches are briefly stated in 19 Am.Jur. (Equity) § 498:

"*Facts Establishing Responsibility.*— A suit is held to be barred on the ground of laches or stale demand where and only where the following facts are disclosed: (1) Conduct on the part of the defendant, or of one under whom he claims, giving rise to the situation of which complaint is made and for which the complainant seeks a remedy, as, for example, an invasion by the defendant of the complainant's

right, such as the right to the possession of property; (2) delay in asserting the complainant's rights, the complainant having had knowledge or notice of the defendant's conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is not held to be barred."

See also Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740.

It is to be noted in this case that the injury or prejudice to the appellants when they attempted to raise the bar of laches must have occurred subsequent to their having acquired an interest, whether void or voidable, in the property. That date is March 26, 1946, five years and three months prior to the time appellee filed this action. In this case, it is to be remembered that the limitation statute, or adverse possession statute, being Section 27–121 of the New Mexico Statutes Annotated, 1941 Compilation, requires a ten year period to elapse. Here the appellants seek to shorten the period by approximately reducing it in half. In Hammond v. Hopkins, 143 U.S. 224, 273, 12 S.Ct. 418, 435, 36 L.Ed. 134, the court quoted and approved the following

language from an opinion in that case by Mr. Justice Merrick: "* * * Where there has been no change of circumstances between the parties, and no change with reference to the condition and value of the property, a court of chancery will run very nearly, if not quite, up to the measure of the statute of limitations, as applied in analogous cases in a court of law."

The appellants stress the finding of the trial court that the appellee had abandoned the land for more than forty years, and urge this court to apply the rule of laches. In 5 Thompson on Real Property (Perm. Ed.) § 2567, it is said:

"*What property subject to abandonment.*—* * * Once title vests it stays vested until it passes by grant, descent, adverse possession, or some operation of law such as escheat or forfeiture. The equitable doctrine of laches or abandonment applies only to easements or licenses and has no application to an actual estate in the land itself which can only be lost or barred by operation of the statute of limitations. The title, though not lost by abandonment, would be barred by estoppel or by the statute of limitations."

The appellee in this case had never at any time conveyed, or attempted to convey the land in question since its acquisition in 1908. Further, no comfort can be obtained by the appellants from the so-called "aban-

donment" occurring prior to the time they made some claim to the property.

From the foregoing it is readily apparent that no conduct has been shown on the part of the appellee that has invaded any of the appellants' rights nor have the appellants shown any injury or prejudice to them by the trial court's refusal to allow the claim of laches where the appellants base their claim upon a quitclaim deed executed by a stranger to the title and a Certificate of Redemption of a Tax Sale Certificate. The trial court correctly refused to find the appellee guilty of laches.

The second point presented by the appellants is that inasmuch as the appellee must recover on the strength of his own title, and inasmuch as his title, if any, was extinguished by the issuance of the Tax Sale Certificate and his failure to redeem, that the appellants should have prevailed.

 It is fundamental that the appellee must recover upon the strength of his own title or not at all. Eager v. Belmore, 53 N.M. 299, 207 P.2d 519; Union Land and Grazing Co. v. Arce, 21 N.M. 115, 152 P. 1143; New Mexico Realty Co. v. Security Investment & Development Co., 27 N.M. 664, 204 P. 984. This proposition is not resisted by appellee and does not require further mention.

Considering the matter of the issuance of the Tax Sale Certificate and appellee's failure to redeem it must be borne in mind that the lands were assessed in the name of John C. Plott in the year 1944. He appears to have been a record owner prior to 1908 and before the land was acquired by appellee. Based upon this assessment Tax Sale Certificate No. 5992 was regularly issued by the County Treasurer of Eddy County to the State of New Mexico, and assigned to Bruce K. Matlock on the same date, January 26, 1946. Appellant J. S. Covert secured a quitclaim deed to the property from John C. Plott on March 2, 1946, and caused the same to be recorded on March 26, 1946. On January 28, 1947, appellant J. S. Covert redeemed Tax Sale Certificate No. 5992 and was issued a Certificate of Redemption. An appraisal of the strength of appellee's title requires the answer to two questions, (1) what was the effect of the issuance of Tax Sale Certificate No. 5992, and (2) what was the effect of appellee's failure to redeem? Section 76–708, N.M.S.A., 1941 Compilation, as amended by New Mexico Session Laws, 1939, Ch. 171, § 1, provides:

"The tax sale certificate shall vest in the purchaser, his heirs, successors and assigns, or the state and its successors and assigns, as the case may be, subject to the right of redemption as provided in this act, the right to a complete title to the property described therein; * * * provided, that the purchaser shall not be entitled to the possession of said property until

the period of redemption has expired and a deed has been executed therefor. * * * "

In construing this provision in Cox v. Shipe, 44 N.M. 378, 102 P.2d 1115, 1116, the court held the Tax Sale Certificate conferred upon the assignee thereof "an equitable right" to a complete legal title subject to the statutory redemption, not complete legal title subject only to divestment by redemption. In Turner v. Sanchez, 50 N.M. 15, 168 P.2d 96, 164 A.L.R. 1280, we construed the language in Cox v. Shipe, supra, and held the holder of a Tax Sale Certificate to have an inchoate right to complete legal title upon certain contingencies.

As to the effect of the redemption by the appellants of the Tax Sale Certificate on January 28, 1947, one year and two days after the issuance, the opinion of this court in Turner v. Sanchez, supra, wherein we quoted the language employed by the Georgia Supreme Court in Crump v. McEntire, 190 Ga. 684, 10 S.E.2d 186, 189, and noted its aptness and justice, might well have been heeded. It will be repeated here. "The effect of redemption will not be a transfer of the inchoate title of the purchaser at tax sale, but will be to extinguish the tax sale, * * *. As to all other persons who might have had a right to redeem, the redemption is in their interest, and consequently they are not adversely affected."

The specific question in Turner v. Sanchez, supra, was, does a person in actual, visible and hostile possession of land under color of title short of the prescriptive period have the right to redeem the property sold for delinquent taxes? We there held that our law gives one the right to acquire title by adverse possession and that this right is capable of protection by means of redemption from a tax sale. We are conscious of no vice in our previous holding and now reiterate that the appellant herein had the right to redeem and that in redeeming the Tax Sale Certificate the appellant completely extinguished and obliterated the tax sale. It necessarily follows that the appellee's title was in no way affected by the issuance of the Tax Sale Certificate in view of its timely redemption. Further, the appellants by redeeming secured nothing more than the right to continue pursuit of title by adverse possession.

The third proposition urged by the appellants is that by virtue of their redemption, they succeeded to the rights of the purchaser of the Tax Sale Certificate, that said redemption did not inure to appellee's benefit, and that the appellants therefore are the owners of the better title. What we have heretofore announced in our treatment of the appellants' second proposition discloses the lack of merit in this claim of error and requires no further comment.

Lastly, the appellants contend that since the appellee failed to reimburse the appellants or tender reimbursement of sums paid by the appellants by way of taxes, that the appellee has not done equity. This contention was not an issue in the trial court, therefore, it is not a matter for review here. Matlock v. Mize, 55 N.M. 218, 230 P.2d 246.

Finding no reversible error the decree of the trial court will be affirmed.

McGHEE, C. J., and COMPTON, LUJAN and SEYMOUR, JJ., concur.

SADLER, J., absent from the state, did not participate.